CASE 3—INDICTMENT—JUNE 9.

# Commonwealth v. Powell.

APPEAL FROM SCOTT CIRCUIT COURT.

1. INDICTMENT FOR TAKING AND CARRYING AWAY TIMBER UNLAW-FULLY, THOUGH NOT FELONIOUSLY.—The indictment alleges that the defendant "unlawfully and without felonious intent destroyed, injured, and carried away timber from four trees on the premises of John W. Wash, which said property belonged to the said Wash, and was taken without his consent." The circuit court sustained a demurrer to the foregoing indictment. That judgment is reversed.

2. If the indictment sufficiently alleged two or more distinct and separate offenses, it would be defective for duplicity and consequent uncertainty as to the precise charge on which a conviction would be sought.

3. The specific allegations of this indictment constitute but one complete offense under the statute—that of unlawfully taking and carrying away the timber of four trees belonging to Wash, the charge of carrying away necessarily involving the taking of the timber; the words "destroyed" and "injured," as used in the indictment, if not appropriately descriptive of that offense, being too general and indefinite to constitute with sufficient certainty either of the other offenses intended to be embraced by the statute.

JOHN RODMAN, Attorney-General,　. . .　For Appellant,

CITED

Revised Statutes, sec. 7, art. 25, chap. 28, 1 Stanton, 411.

JOHN L. SCOTT, . . . . . . . . . . For Appellee.

Commonwealth v. Powell.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT.

This appeal is prosecuted by the commonwealth to reverse a judgment dismissing upon demurrer an indictment against the appellee, charging him with "the offense of taking and carrying away property not his own without felonious intent;" the specific accusation laid in the indictment being that "the said Alfred Powell, on the 6th day of March, 1869, in the county aforesaid, unlawfully and without felonious intent destroyed, injured, and carried away timber from four trees on the premises belonging to John W. Wash, which said property belonged to the said Wash, and was taken and destroyed without his consent."

By section 7, article 25, chapter 28, of the Revised Statutes, it is made a penal offense, punishable by a fine of not less than ten nor more than two hundred dollars, for any person unlawfully, though not feloniously, to "take, carry away, deface, destroy, or injure any property, real or personal, or other thing of value not his own;" and we are of the opinion that the indictment in this case is clearly sufficient, if the words used in defining the charge were simply descriptive of one particular offense, and do not constitute more than one distinct offense under the statute, so as to render the indictment defective for duplicity, according to section 125 of the Criminal Code of Practice.

The evident intention of the statute is to provide for the punishment of trespassers on real or personal property, whether it be by taking and carrying it away, or by wantonly defacing, destroying, or injuring it, as by cutting or deadening trees, or burning or otherwise destroying timber or other property without removing it, and with a proper specification of tortious acts constituting a violation of the statute; in either state of case a complete offense, distinct from one or more of the others, might be alleged; and if the indictment in this case sufficiently alleged two or more of such distinct and

separate offenses, it would be defective for duplicity, and consequent uncertainty as to the precise charge on which a conviction would be sought.  But as we construe the specific allegations of the indictment they constitute but one complete offense under the statute—that of unlawfully taking and carrying away the timber of four trees belonging to Wash, the charge of carrying away necessarily involving the taking of the timber; the words "destroyed" and "injured," as used in the indictment, if not appropriately descriptive of that offense, being too general and insufficient to constitute with sufficient certainty either of the other offenses intended to be embraced by the statute.

Wherefore the judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.