CASE 101—INDICTMENT—OCTOBER 6, 1881.

## South v. The Commonwealth.

### APPEAL FROM GRAYSON CIRCUIT COURT.

1. A person may in the same indictment be charged with more than one violation of the "local option" law, but each offense must be specially charged, and the statement of the circumstances of each case be direct and certain.

2. A person who sells liquor for himself or another, or authorizes another to sell for him, may be guilty of violating this law; but he is not guilty if the sale be made by another, although done in

South v. The Commonwealth.

this presence and at his solicitation, unless he be the owner of the 'liquor sold.

3. It is not necessary that the indictment under this act should allege the want of license.

J. P. HOBSON FOR APPELLANT.

1. The indictment is insufficient. (Young's case, 14 Bush, 161.)
2. The indictment charged but one selling. The court permitted proof of two.
3. The liquor sold was not the property of appellant.

P. W. HARDIN, ATTORNEY GENERAL, FOR APPELLEE.

1. It is not necessary that the indictment should allege that appellant had no license. Under the "local option" law no license could be obtained.
2. The indictment charges an offense on a given day, "and at divers other times," &c.
3. Upon one conviction, appellant may be fined for each selling.

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

Under the indictment as found and presented, the defendant can be legally convicted of only one offense. The statement that he sold liquors "upon divers other days and times" describes no offense for which he may be tried. It follows, therefore, that instruction number one is erroneous so far as it authorizes the jury to find the accused guilty of more than one offense.

A person may in the same indictment be charged with more than one violation of the local option law, as it is called; but each offense should be separately charged, and the statement of the particular circumstances of each should be direct and certain.

Instruction number two should not have been given. A person may be guilty of violating the local option law who sells for himself or for another, or authorizes another to sell for him, but he is not guilty when the sale is made by another, though done in his presence, and at his solicitation, unless he be the owner of the liquor sold.

It is not necessary to allege in an indictment that the person charged with violating the local option law in a town where it is in force had no license to sell; for by the terms of the law no license to sell in such town can be granted. The demurrer to the indictment was therefore properly overruled.

. But for the errors mentioned, the judgment of the court below is reversed, and the cause remanded, with directions to set aside the verdict of the jury, grant the defendant a new trial, and for further proceedings consistent with this opinion.