CASE 84.—PROSECUTION AGAINST ABE ALLISON FOR VIO·
LATION OF LOCAL ,OPTION LAW.—December 2,
1909.

## Allison v. Commonwealth

Appeal from·Hardin Circuit Court.

WEED S. CHELF, Circuit Judge.

Defendant convicted and appeals.—Reversed.

1. Indictment and Information—Joinder of Offenses.—Under the
common-law rule providing that an indictment may contain
several counts charging violations of the same grade and ,
punishment, an indictment merely charging in separate
counts a sale, within 12 months, of liquor in violation of the
local option law, without stating the facts with such particu-
larity as distinguishes one violation from any of the others,
charges but one offense.
2. Indictment and Information—Joinder of Offenses.—Under
Civ. Code Prac. Sec. 126, providing that an indictment, ex-
cept in the cases mentioned in section 127, must charge but
one offense, an indictment not charging an offense within
section 127 can charge only one offense, and an indictment
charging more than one offense is void for duplicity, and
all offenses not included in section 127·must be stated in
separate indictments; and this rule applies to misdemeanors,
which may be prosecuted by penal actions.
3. Penalties—Actions.—Where the procedure is by penal ·ac-
tion as many violations of the law of the same grade and
punishment may, under the Code, be set out as the common-
wealth desires.

H. L. JAMES for appellant.

JAS. BREATHITT, Attorney General, TOM B. McGREGOR,
Assistant Attorney General, and CHAS. H. MORRIS for common-
wealth.

OPINION OF THE COURT BY JUDGE LASSING—Re-
versing.

The only question involved in this case is the sufficiency of the indictment. Appellant was indicted in the Hardin circuit court for the illegal sale of liquor in Hardin county, where the local option law was in force. The indictment contains six separate counts. A demurrer was interposed by the defendant, and overruled, whereupon a motion was made that the commonwealth be required to elect upon which one of the six counts the defendant should be tried. This motion was likewise overruled. The case was heard by a jury, and under instructions given by the court the jury found the defendant guilty on two counts, and not guilty on four. It failed to specify in its verdict upon which of the counts it found the defendant guilty and upon which not guilty. Upon this verdict judgment was rendered for $120, the amount fixed by the jury for two violations of the local option law. There is no bill of evidence in the case; no motion or grounds for a new trial having been filed. So the sole question is: Does the indictment support the verdict and judgment predicated thereon?

It is insisted, for the appellant, that the indictment was in direct violation of section 126 of the Code, which is as follows: "An indictment, except in the cases mentioned in the next section, must charge but one offense, but, if it may have been committed in different modes and by different means, the indictment may allege the modes and means in the alternative"—that under this Code provision but one offense might properly be charged in an indictment, and that the attempt on the part of the commonwealth to charge six separate and distinct offenses in the same indictment rendered the indictment bad, and the commonwealth should have been required to elect which of the six counts it would stand upon. For the com-

monwealth it is urged that the indictment is good, and that, under the case of South v. Commonwealth, 79 Ky. 493, any number of counts may be put in one indictment, provided in each count the circumstances of each violation are stated with particularity.

At the outset we may state that, even if it should be conceded that an indictment might charge in separate counts several violations of the law of the same grade, still the indictment in the present case would be bad, for the reason that the facts and circumstances surrounding each violation attempted to be set out and alleged in the indictment are not stated with such particularity as to enable one to distinguish one alleged violation from any of the other five set out in the indictment; for they each simply charge a sale within 12 months next preceding the finding of the indictment, and, of course, proof on any one would necessarily cover the proof on all, and it would be impossible to tell, when proof was offered, to which count it was intended to be applied. We are of opinion that, even under the common-law rule here contended for by the commonwealth, and which authorized an indictment to be drawn containing several counts charging violations of the law where the offenses were of the same grade and punishment, the indictment as presented charges but one offense, and the trial court should have so told the jury; but the indictment in this particular could easily be cured, and, if cured, would it then be good? If the dictum in South v. Commonwealth is to be followed, it would; but, as far as we have discovered, the rule announced in South v. Commonwealth has not been followed— indeed, the principle therein apparently laid down seems to have been an inadvertence on the part of the court, which for the time being overlooked the fact

that the Code was intended to abrogate the common-law rule, and that, while formerly more than one offense might be charged in an indictment, where each was set out with particularity in a separate paragraph, now this is no longer admissible, and an indictment that charges more than one violation of the law is void for duplicity.

In Ellis v. Commonwealth, 78 Ky. 130, this court held that, where the indictment charged more than one offense, a demurrer should be sustained. And in Commonwealth v. Powell, 71 Ky. 7, the court held that, if the indictment sufficiently alleged two or more distinct and separate offenses, it would be defective for duplicity and consequent uncertainty as to the precise charge on which conviction would be sought. The only exception to the rule denying the right of the commonwealth to charge more than one offense in the indictment is in that class of cases where it is frequently quite difficult to distinguish one offense from another, and under section 127 of the Civil Code of Practice certain of these offenses last referred to may be charged in one indictment, to wit, larceny and knowingly receiving stolen property, larceny and obtaining money or property on false pretenses, larceny and embezzlement, robbery and burglary, robbery and assault with intent to rob, and passing or attempting to pass counterfeit money or United States currency or bank notes, knowing them to be such, and having in possession counterfeit money or United States currency or bank notes, knowing them to be such, with the intention of circulating the same. These latter offenses are the only ones which, under our present Code provision, may be united in one indictment. All other offenses, whether of the same grade or not, must, under section 126 of the Civil Code of

Allison v. Commonwealth.

Practice, be stated in separate indictments. Nor does the fact that misdemeanors may be prosecuted by penal actions militate against this rule, for the reason that procedure by penal action is regulated by Code provision just as indictments are, and hence, where the procedure is by penal action, as many violations of the law of the same grade and punishment may be set out as the state desires to include in one action, because distinctly authorized by the Code.

We are of opinion that the court erred in not sustaining the demurrer to the indictment as presented, or at least to five counts therein, and he should have limited the commonwealth in the instructions to a recovery for one violation.

For his failure to do so, the judgment is reversed, and cause remanded, with instructions to sustain the demurrer, with leave to resubmit.