## Chappell v. Commonwealth.

(Decided October 12, 1923.)

# Appeal from Hopkins Circuit Court.

1. Indictment and Information—Indictment Duplicitous, as Charging Both Assault with Offensive Weapon with Intent to Rob and Unlawful Demand for Money.—An indictment charging defendant with assaulting, shooting and wounding a named person "with a deadly weapon, demanding money, and with intent to rob," and alleging that he had, unlawfully, etc., shot and wounded such person "with a deadly and offensive weapon, demanding money in a forcible and violent manner and with the intent to rob," was duplicitous, as charging both the crimes denounced by Ky. Stats., section 1160.

2. Robbery—Assault with Offensive Weapon Must be Done Maliciously, and Indictment Should so Charge.—Under Ky. Stats., section 1160, the offense of assault with an offensive weapon or instrument with intent to rob must be committed maliciously, and the indictment should so charge.

3. Indictment and Information—Statutory Offenses of Assault with Intent to Rob and Unlawful Demand for Money Cannot be Joined.—Criminal Code of Practice, section 127, subsection 5, permitting charges of robbery and assault with intent to rob to be joined in one indictment, does not permit the offenses of assault with an offensive weapon or instrument with intent to rob, and of demanding money, etc., by menace or in a forcible or violent manner, under Ky. Stats., section 1160, to be joined with each other, or with the common law offenses of robbery and assault with intent to rob.

4. Indictment and Information—Failure to Demur Held to Waive Duplicity.—Where there was no demurrer to indictment improperly joining charges of assault with an offensive weapon or instrument with intent to rob and demand for money by menace or in forcible, or violent manner, the defect was waived.

5. Criminal Law—Evidence Showing no Demand for Money Did Not Authorize Instruction on Statutory Offense, and it was Reversible Error.—Where the evidence showed that defendant, without making any demand or saying anything, shot the prosecuting witness and then robbed him, an instruction submitting the question whether defendant in a forcible and violent manner demanded any money with intent to rob was not authorized, and was reversible error.

6. Criminal Law—Counsel's Remark that Defendant Would Get Out in Half the Time Given Him Held Improper.—On a criminal trial, it was improper for the Commonwealth's attorney, in his closing argument, to remark that under the present system of coddling criminals defendant would get out in half the time the jury gave him.

7.  Criminal Law—Remarks of Counsel Held Within Rule as to Rea-
    sonable Inferences, and Not Statement that Defendant Committed
    Another Crime.—Where the evidence showed that defendant shot
    and robbed the prosecuting witness, and that his recovery was
    miraculous, the argument of the prosecuting attorney that, if
    Providence had not been watching over the witness' destiny, his
    bones would have been found bleaching in the sun, that defendant
    was one of the worst criminals in the county, and that until such
    criminals were gotten rid of the bleached bones of murdered men
    would continue to be found, was legitimate under the rule per-
    mitting reasonable inferences from facts and circumstances, and
    did not, as claimed, charge defendant with murdering a man
    whose bones had recently been found.

COX & GRAYOT and J. W. POWELL for appellant.

THOS. B. McGREGOR, Attorney General, and CHAS. W. LOGAN,
Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Appellant, Ike Chappell, was indicted in the Hopkins circuit court under section 1160 of the present statutes, which says: "If any person, with an offensive weapon or instrument, shall unlawfully and maliciously assault, or shall by menace, or in or by any forcible and violent manner, demand any money, goods or chattels, bond, bill, deed or will, or other evidence of right, or anything of value, or from any other person, with a felonious intent to rob or commit robbery upon such person, he shall be confined in the penitentiary not less than one nor more than two years." It is an old one and was section 2, article 5 of chapter 28 of the old Revised Statutes, but it was amended in 1922 (chapter 61, page 203, Acts 1922) in the one particular of the affixed punishment by raising it to confinement of the guilty party in the penitentiary "not less than five nor more than twenty years." Defendant's trial resulted in his conviction, with the imposition of the maximum penalty of twenty years' confinement in the penitentiary. His motion for a new trial was overruled and he has appealed, urging through his counsel a number of grounds for a reversal of the judgment, which will be disposed of in the course of the opinion.

The language of the statute is very much complicated and confused and the intention of the legislature in enacting it is by no means clearly stated; but, in the case of

Taylor v. Commonwealth, 3 Bush 508, it was before this court for interpretation and it was held that it contained two distinct offenses, viz.:

"1st.   If any person, with an offensive weapon or instrument, shall, unlawfully and maliciously, assault any other person, with a felonious intent to rob or commit robbery upon such person; or

"2nd.   If any person shall, by menace, or in or by any forcible or violent manner, demand any money, goods or chattels, bond, bill, deed, or will, or other evidences of right, or anything of value, of or from any other person, he shall be confined, &c."

That interpretation was approved in the later case of Commonwealth v. Tanner, 5 Bush 316, and it was therein held that an indictment describing either of the offenses in the language of the statute was sufficient.

The indictment in this case accused the defendant "of the crime of assaulting, shooting and wounding with a deadly weapon, demanding money and with intent to rob, committed in manner and form as follows," and in the descriptive part it is averred that defendant "did unlawfully, wilfully, feloniously, assault, shoot and wound Frank Haskins, with a deadly weapon, to-wit, a pistol, a deadly and offensive weapon, demanding money in a forcible and violent manner and with intent to rob the said Frank Haskins."   It will thus be seen that the indictment, both in its accusatory and descriptive parts, accused defendant with both of the crimes denounced by the statute and was demurrable for duplicity, but no demurrer was filed thereto.   Moreover, the first offense contained in the statute, as interpreted in the Taylor case, *supra*, viz; that of assault with an offensive weapon or instrument, must be *maliciously* done, and the indictment should so charge, for it is an elementary rule of criminal pleading that where "the words 'maliciously,' 'wilfully and maliciously,' or 'knowingly and wilfully,' and such like, must be stated when part of the statutory definition of the offense."   14 R. C. L. 177.

The faultiness of the indictment for duplicity is not removed, as contended by the Commonwealth, by the provisions of subsection 5 of section 127 of the Criminal Code, since the crimes of "robbery" and "assault with intent to rob" are each common law offenses and may be joined as provided in the section in one indictment.   The crimes with which defendant is charged are statutory

ones and the section of the code relied on makes no provision for joining in the same indictment them or either of them with the two named common law offenses; but, since there was no demurrer to the indictment, the defects pointed out may be considered as waived so far as the trial complained of is concerned.

The court submitted in its instructions the guilt or innocence of the defendant of only the second crime denounced by the statute, as interpreted in the Taylor case, i. e., that the jury should convict the defendant if they believed beyond a reasonable doubt that he in Hopkins county and before the finding of the indictment "did in or by any forcible and violent manner, demand any money of Frank Haskins with an intent to then and there rob the said Haskins of the money so demanded," and it is insisted that there was no proof whatever to sustain that charge, but that all of it was directed *alone* to the establishment of the first offense denounced by the statute, that of unlawfully and maliciously assaulting another with an offensive weapon with the felonious intent to rob or commit robbery. It will be necessary for a proper understanding and disposition of this objection to make a brief statement of the facts, as testified to by the prosecuting witness, Haskins.

The witness testified that at about 4:30 on the afternoon of September 3, 1922, defendant came to the home of witness and inquired of the latter if he would like to have some whiskey, which, as no doubt was expected, was answered in the affirmative, and it was arranged that they could meet at a designated place some time after 6:30 o'clock on the same evening where, according to defendant, some parties would be present with whiskey to sell. After that the witness passed the residence of defendant, and gave to him an agreed signal that he was on his way to the designated place to obtain the whiskey, and he testified that he arrived there and waited for defendant, who soon appeared; that defendant then stated that the persons with the whiskey were off the road in an adjoining woodland and the two started to that place, the witness finally getting in front with the defendant immediately behind him with a pistol in his hand; that after traveling a short distance in the woods, but without seeing any one, defendant suddenly shot witness from the rear, the bullet entering the back of the head and coming out under the right eye, from which wound, according to

the testimony of the physician witness, there was a miraculous recovery. The witness says that after being shot he still retained consciousness and his mental faculties and fell to the ground as though he was dead, when defendant took from his pocket $57.00 without at any time saying a word to him. Defendant emphatically denied that evidence, and by himself and other witnesses attempted to prove an alibi, but none of his defensive proof enters into the determination of the question under consideration, and we will not further advert to it.

From what has been said it will appear that there was never any *demand* made by defendant of the prosecuting witness for any money or other property mentioned in the statute, either menacingly or in any other manner. On the contrary, if the testimony of the prosecuting witness be true he was evidently guilty of the first offense denounced by the statute, that of unlawfully and maliciously assaulting another with a deadly weapon with the felonious intent to rob him, which offense, as we have seen, was not submitted to the jury by the given instruction. It has been held repeatedly by this court that it was not only improper but reversible error to submit in an instruction an issue to be determined by the jury in the absence of evidence tending to prove it, and the rule applies in criminal as well as civil cases. The latest opinion of this court announcing and applying it is the case of Commonwealth v. Clarke, et al., 200 Ky. 358, in which other cases are cited. Under that rule of practice we are constrained to hold that the court erred in the particulars complained of. ·

It is also insisted by defendant's counsel that the judgment should be reversed for improper remarks made by the Commonwealth's attorney in his closing argument to the jury, and which are made a part of the record by the bill of exceptions and also relied on in the motion for a new trial. The statements of the attorney, to which objection was made, are: "Gentlemen, this defendant should have the limit under the law. The penalty is from five to twenty years. The limit is not enough. Under our present system of coddling criminals he will get out in half the time you give him," and "Had it not been that at that time and that place a beneficent providence was watching over the destiny of Frank Haskins, in a few months his bones would have been found bleaching in the sun and no one would have been the wiser. You are now

trying one of the worst criminals in Hopkins county. He is a greater criminal than Macbeth of whom Shakespeare tells us. Until you get rid of such criminals as this defendant crime will go on in Hopkins county and the bleached bones of murdered men will continue to be found." We think the language of the first statement, "Under our present system of coddling criminals he will get out in half the time you give him," was improper; but, in as much as the judgment must be reversed for reasons hereinbefore stated, we will refrain from determining whether the statement alone was sufficient to authorize a reversal where, as here, the court declined to sustain an objection to it or to admonish the jury not to consider it. In urging the impropriety of the last quoted statement from the argument of the attorney it is said in brief that a short while prior to the trial some human bones were found in the vicinity, and that the complained of remarks indirectly charged the defendant with the crime of killing the person whose bones were found, and were so understood by the jury. But, if the referred to fact appeared in the record then we do not think the language susceptible of that interpretation or application, nor do we think they went beyond the legitimate license of the prosecutor in presenting his side of the case to the jury. He was then arguing the case from the standpoint of the Commonwealth's testimony, which the jury evidently understood, and if that testimony was believed by the jury, as it was by the attorney, it rendered the defendant a cruel and heartless criminal and created an urgent necessity for the community to get rid of him. He was at that time commenting on the fortuitous circumstance of the miraculous recovery of the prosecuting witness, but for which a heinous crime might have gone unpunished, and we do not think he transcended his rights in the remarks complained of in the light of the license we have often announced in considering this objection, that "reasonable inferences to be drawn from the facts and circumstances might be made and commented upon, and that to do so was not prejudicial error. The law in such cases recognizes the fraility of human nature, and that in the heat of argument inappropriate remarks are liable to be made, but unless they are altogether unfounded from any fact or circumstance appearing in the case, and manifest such a wide departure from legitimate deductions as to be at once poisonous and prejudicial, a

reversal will not be ordered for that reason alone.'' Music v. Commonwealth, 186 Ky. 45. We are convinced that in this case the Commonwealth's attorney in the last remarks complained of did not depart from the latitude therein prescribed. Upon a return of the case the Commonwealth's attorney, if he desires it, should be permitted to resubmit the indictment to the grand jury and draft a proper one under the first part of the statute and in conformity with this opinion.

Wherefore, the judgment is reversed with directions to sustain the motion for a new trial and for proceedings consistent herewith.