## Terrill v. Commonwealth.

(Decided April 21, 1933.)

J. P. CHENAULT for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

Appellant was convicted of the crime of assault with intent to rob as defined by section 1160, Kentucky Statutes, and sentenced to confinement in the state penitentiary for a period of 15 years.

It is argued on this appeal that the judgment should be reversed because the indictment is defective, the appellant's motion for a directed verdict in his favor should have been sustained, and the instructions given by the court are erroneous. The indictment reads:

> "The grand jury of Madison county, in the name and by the authority of the Commonwealth of Kentucky, accuse Curt Terrill of the crime of unlawfully, maliciously, feloniously and in and by a forcible and violent manner demanding money from another with intent to rob, committed as follows:

> "That said Curt Terrill, on the 28th day of

October, 1932, in the county aforesaid and before the finding of this indictment did unlawfully, maliciously, feloniously and in and by a forcible and violent manner assault W. R. Harris with a felonious intent to rob the said Harris, against the peace and dignity of the Commonwealth of Kentucky." Section 1160 of the statutes provides that:

"If any person, with an offensive weapon or instrument, shall unlawfully and maliciously assault, or in or by any forcible and violent manner, demand any money, goods or chattels, bond bill, deed or will, or other evidences of right, or other thing of value of or from any other person, with an intent to rob or commit a robbery upon such person, he shall be confined in the penitentiary not less than five nor more than twenty years."

The statute defines an offense which may be committed in two ways, that is, either by unlawfully and maliciously assaulting any other person with an offensive weapon or instrument with a felonious intent to rob, or commit robbery upon such person, or by demanding in or by any forcible and violent manner any money or other thing of value of or from any other person with like intent. Hannah v. Commonwealth, 242 Ky. 220, 46 S. W. (2d) 121; Little v. Commonwealth, 246 Ky. 805, 56 S. W. (2d) 526.

The accusatory part of the indictment clearly charges the accused with the crime of assault with intent to rob, committed by demanding money from another in and by a forcible and violent manner. The word "demand" does not appear in the descriptive part but the indictment plainly charges the appellant with the crime of assault with intent to rob committed in one of the ways set out in the statute. The appellant could not have been misled by the form in which the indictment was drawn, and his contention that it was fatally defective cannot be sustained.

Appellant's contention that his motion for a peremptory instruction should have been sustained likewise must be disallowed. The facts briefly stated are these:

Appellant with his wife resided near Berea in Madison county. W. R. Harris, a Civil War veteran 85 years old, lived in appellant's home and paid $15 per

month for his board and lodging. He received a pension and had saved over $400 which he intrusted to Mrs. Terrill for safekeeping. The Terrill home was a small two or three-room frame house and the room in which Harris slept adjoined the Terrill's room. There was an opening between the two rooms over which was hung a curtain. On the night of October 17, 1932, Harris awoke and found that some one was grasping him by the wrist. His assailant had a flashlight and as soon as Harris was awake said, "Where's that money? I know you've got it." During the struggle Harris heard Mrs. Terrill scream and call for her husband. His assailant said, "Shut up that damn woman's mouth." Harris identified appellant as his assailant, although he remained in the Terrill home for several days after the robbery occurred and made no accusation against them until after he left.

Appellant testified that he heard a knock on the door about midnight on the night the robbery occurred. When he went to the door, he found three men who seized him and took him into the yard where one man guarded him while the other two went into the house. As soon as they had left he went to the home of a neighbor and telephoned to an officer. The officer went to the Terrill home and questioned Harris and the Terrills and returned on the following morning and examined the spot where Terrill claimed he had been guarded while the robbery was being committed, but could find no foot prints or other evidence that any one had been around the house. Mrs. Terrill had kept Harris' money concealed under some loose paper on the wall. This paper had been stripped from the wall and the money was missing.

There was ample evidence from which the jury might infer that appellant was guilty of the crime of which he was accused and we cannot say that the verdict is not warranted by the evidence.

Instruction No. 1 authorized the jury to find the appellant guilty if they believed from the evidence beyond a reasonable doubt that he unlawfully, maliciously, and feloniously in or by any forcible or violent manner assaulted W. R. Harris with a felonious intent to rob him. The instruction is technically incorrect in that it failed clearly to submit to the jury the manner in which the crime was committed as charged in the

indictment, that is, by unlawfully and maliciously demanding money of W. R. Harris in or by any forcible or violent manner with a felonious intent to rob him. However, it is not denied that Harris' assailant demanded the money in a forcible and violent manner. Appellant claims he was not present and was not the assailant. There was no issue as to how the assault was committed, or for what purpose, but the only issue was as to the identity of the assailant. The instruction, though not technically correct, was not prejudicially erroneous in view of the facts.

The judgment is affirmed.