## COMMONWEALTH v. NEVIUS.

Court of Appeals of Kentucky.

June 13, 1952.

A. E. Funk, Atty. Gen., Guy L. Dickinson, Asst. Atty. Gen., for appellant.

John Y. Brown, Harry B. Miller, Lexington, for appellee.

MOREMEN, Justice.

The Commonwealth has appealed from an order sustaining a demurrer to an indictment which purported to accuse William Nevius of voluntary manslaughter, and requests certification of the law.

The descriptive part of the indictment sets forth that Nevius, while operating a motor vehicle "in a negligent, reckless, careless and wanton manner, did run into, upon and against Harold Sims, inflicting divers hurts." In the remaining portion of this indictment, the Commonwealth abandons the theory of voluntary manslaughter based upon a charge of wanton negligence, and states that Nevius after

striking Harold Sims "did unlawfully, wilfully and with wanton and reckless disregard for the life of said Harold Sims, fail to stop" and concludes that because of this gross and wanton failure Harold Sims did from said injuries die.

The Commonwealth argues that the first portion of the descriptive part of the indictment which deals with the negligent operation of a vehicle was only a pleading leading up to the real charge of which the grand jury believed the defendant to be guilty.

The Commonwealth insists that the gross and wanton failure of defendant to stop and render aid constitutes the crime of voluntary manslaughter and is, therefore, punishable by confinement in the penitentiary for not less than 2 nor more than 21 years. KRS 435.020.

The crime consisting of failure to stop and render aid was unknown to the common law. It was created by an act of the legislature and is embodied in KRS 189.580 (1), which reads in part:

"Any person who, while operating a vehicle on a highway, runs against or over, any other person, vehicle or personal property, in possession of any other person in such a manner as to injure the other person or damage the property, shall immediately stop and ascertain the extent of the injury or damage and render such assistance as may be needed, including the carrying of the person or occupants of the vehicle to the nearest medical aid, if carrying is requested by the person struck, or by any occupant."

The penalty for violation of this statute is found in subsection (1) of KRS 189.990, which reads in part:

"Any person who violates subsection (1) of KRS 189.580 shall be fined not less than ten dollars nor more than two thousand dollars, or imprisoned in the county jail for not more than one year or both."

Thus, it may be seen that if the Commonwealth is correct in its contention that a wanton breach of the foregoing aid statute may be deemed voluntary manslaughter, the penalty for its violation would be increased from that set by the legislature to the extent of the limits of the severe penalty attached to voluntary manslaughter.

We believe that the legislature, when it created the crime, had no intention to prescribe any punishment other than that found within the limits of the penalty which it set.

The indictment in fact accuses William Nevius of two crimes: (a) voluntary manslaughter because he recklessly, carelessly and wantonly operated his automobile in such a manner that Harold Sims received injuries from which he died; and (b) Harold Sims died because appellee wilfully and wantonly disregarded said injuries and failed to carry out those duties imposed by KRS 189.580.

In Benge v. Commonwealth, 304 Ky. 609, 201 S.W.2d 892, 894, we said:

"Section 126 of the Criminal Code of Practice provides that an indictment must charge but one offense except in certain instances not material here, and where two or more separate and distinct offenses are charged in one indictment, the indictment is defective for duplicity. Commonwealth v. Powell [8 Bush. 7], 71 Ky. 7, Chappell v. Commonwealth, 200 Ky. 429, 255 S.W. 90, and Caudill v. Commonwealth, 202 Ky. 730, 261 S.W. 253."

There is no doubt that in the case at bar the grand jury could have returned separate indictments but when they undertook to combine both offenses in one indictment, the terms of the Criminal Code prohibiting such action were violated, and the trial court, therefore, properly sustained the demurrer.

The law is so certified.