## ADAMS v. COMMONWEALTH.

Court of Appeals of Kentucky.

Jan. 29, 1954.

E. P. Sawyer, Louisville, for appellant.

J. D. Buckman, Jr., Atty. Gen., Zeb A. Stewart, Asst. Atty. Gen., for appellee.

COMBS, Justice.

The appellant was convicted of assault with intent to rob under KRS 433.150, and sentenced to 21 years in prison. He urges three grounds for reversal: (1) He was entitled to a directed verdict; (2) erroneous instructions; (3) improper remarks by the Commonwealth's attorney.

The appellant did not testify and offered no evidence in his defense. The prosecuting witness, Mrs. Ruby Gray, and her daughter were the only witnesses for the Commonwealth. Ruby Gray testified that in the early morning of October 3, 1953, the appellant, with a girl friend, boarded a Checker cab driven by the witness and directed her to drive them to Coral Ridge, in south Jefferson County. On the way to Coral Ridge they stopped at a tavern and had a drink, the appellant and the girl drinking beer and Mrs. Gray a "coke." Later they came back to Louisville to a house on Earl Street, then went back to Coral Ridge. On the return trip to Louisville the appellant directed Mrs. Gray to drive out Grade Lane. As they were driving out this lane appellant told her to pull off the road and stop. When she stopped the taxicab the appellant hit her with his fist, held his hand over her mouth and compelled her to get into the back seat of the cab. He then took her money consisting of between $4 and $7.

Appellant contends that a necessary element of the offense of assault with intent to rob (KRS 433.150) is the use of an "offensive weapon or instrument". If the contention is well taken, appellant was entitled to a directed verdict because there is no evidence that he used a weapon of any kind in committing the crime.

The statute covering assault with intent to rob was first enacted in 1893. It then read:

"If any person, with an offensive weapon or instrument, shall unlawfully and maliciously assault, or shall by

menace, or in or by any forcible and violent manner, demand any money * * *." Acts 1893, c. 182, § 33.

The punishment fixed by the 1893 statute was confinement for not less than one year nor more than two years. The statute was re-enacted in 1922. The words "or shall by menace" were omitted, and the penalty was fixed at not less than five nor more than 20 years. The statute was re-enacted in 1934, the only change being that the penalty was increased to 21 years, life or death, in the discretion of the jury.

■ In Chappell v. Commonwealth, 200 Ky. 429, 255 S.W. 90, the court said the statute described two separate offenses: (1) Assault with an offensive weapon with intent to rob; and (2) demanding money or property in a forcible and violent manner with intent to rob. But in the case of Hannah v. Commonwealth, 242 Ky. 220, 46 S.W.2d 121, the Chappell case was overruled and it was held that the statute described only one offense, namely, assault with intent to rob, which could be committed in two different ways: (a) by the use of an offensive weapon or instrument, and (b) by threatening the victim in a forcible and violent manner, regardless of whether a weapon is used. This construction of the statute has been reaffirmed in subsequent cases. Little v. Commonwealth, 246 Ky. 805, 56 S.W.2d 526; Terrill v. Commonwealth, 248 Ky. 613, 59 S.W.2d 564; Lanter v. Commonwealth, 268 Ky. 53, 103 S.W. 2d 693.

There is some language in the cases of Chadwell v. Commonwealth, 305 Ky. 422, 204 S.W.2d 577, and Hatfield v. Commonwealth, 301 Ky. 501, 192 S.W.2d 385, to the effect that an essential element of the offense is the use of an offensive weapon or instrument. Those cases did not turn on that issue, however, and the previous cases construing the statute were not mentioned. We do not construe these later cases as changing the rule announced in the line of cases commencing with Hannah v. Commonwealth, cited above. It seems to us that the proper interpretation of the statute is that the offense may be committed either with or without the use of an offensive weapon.

■ The argument that appellant was entitled to an instruction covering the offense of ordinary robbery under KRS 433.120 is also without merit. The indictment charged the offense of assault with intent to rob and the uncontradicted testimony was sufficient to warrant an instruction on that offense. The gravamen of the crime of assault with intent to rob is the assault, and in this case that element was established. The crime of robbery, which is covered by KRS 433.120, is a separate offense and not a lesser degree of the offense of assault with intent to rob described in KRS 433.150. Consequently, it was not necessary to give an instruction on robbery.

In reaching this conclusion, we are not unaware that the punishment for the offense of assault with intent to rob is greater than for the offense of robbery alone, even though an assault may accompany the robbery. But that is a matter which falls within the province of the legislative department and not the judiciary.

That brings us to the third point; namely, that the Assistant Commonwealth's Attorney was guilty of improper conduct and made improper remarks which were prejudicial to the appellant's rights. The first such statement objected to by appellant arose in this manner: At the close of the Commonwealth's case appellant moved for a directed verdict which was overruled. Appellant's counsel saved an exception and announced that "The defense rests." The attorney for the Commonwealth then said in open court: "The defendant is not going to testify?" Later during his argument to the jury the attorney for the Commonwealth stated: "The only defense I have heard to the charge of assault with intent to rob comes from the lips of counsel for the accused * * *." He also made this statement: "Ladies and Gentlemen, who says he didn't do it? I am asking you that question, and when you get

to the jury room and you recite the evidence you have heard from that witness stand you ask yourselves." He then walked over to where the appellant was sitting, shook his finger at him, and said: "Who said you didn't do it." Proper objection was made and exception taken to all of these remarks and timely motion was made to discharge the jury and continue the case. The court overruled the motion to discharge the jury, but admonished the jury that it "must not consider defendant's refusal or failure to testify in any manner, shape or form."

■■ It is elementary, of course, that the failure of a defendant to testify in a criminal prosecution cannot be commented upon or referred to before the jury. KRS 455.090. The difficulty arises in those borderline cases where the court must determine whether indirect reference to defendant's failure to testify is sufficiently prejudicial to require reversal. In Miller v. Commonwealth, 182 Ky. 438, 206 S.W. 630, it was said that the proper test in such cases is whether the statement is reasonably certain to direct the jury's attention to the defendant's failure to testify. The rule was reaffirmed in the very recent case of Bradley v. Commonwealth, Ky., 261 S. W.2d 642. The privilege of an accused person against having his silence questioned is a corollary to his constitutional right against self-incrimination and has always been zealously guarded by the courts. In those cases where the representative of the Commonwealth infringes upon this right, an admonition by the court to disregard the improper remarks is not considered sufficient to cure the error. Williams v. Commonwealth, 287 Ky. 659,154 S.W.2d 728.

■ We cannot escape the conclusion here that the comments of the Assistant Commonwealth's attorney, when considered together and in sequence, unnecessarily called to the jury's attention that the defendant had failed to testify in his own behalf. For that reason, the judgment is reversed.