## Farley v. Commonwealth.

(Decided June 18, 1915.)

Appeal from Monroe Circuit Court.

1. Criminal Law—Sweating—Confession—Evidence.—The provision of the anti-sweating act that no confession obtained by means

of sweating shall be admitted as evidence in the courts of this State does not apply to statements made by a defendant while in custody wherein he expressly denies his guilt and undertakes to explain the charge against him.

2. Criminal Law—Failure of Defendant to Testify.—Where a defendant on trial in a criminal case does not testify in his own behalf, the reference in argument by the attorney for the Commonwealth to the fact that certain evidence adduced was not contradicted, is not violative of the provision in Section 223 of the Criminal Code that the failure of a defendant to testify in his own behalf shall not be commented upon or allowed to create any presumption against him.

3. Criminal Law—Failure to Use Word "Feloniously" in Instruction. —Although the word "feloniously" is used in the statute under which a defendant is charged, it is not reversible error if the court in the instructions fails to use that word.

BAIRD & RICHARDSON and SHERMAN SPEAR for appellant.

JAMES GARNETT, Attorney General, and ROBERT T. CALDWELL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE TURNER—Affirming.

Appellant was indicted in the Monroe Circuit Court charged with the crime of breaking into a storehouse, under the provisions of Section 1164 Kentucky Statutes. Upon his trial he was found guilty and sentenced to imprisonment from one to five years, and he has appealed.

At Fountain Run in Monroe County, W. B. Downing was the owner and proprietor of a drug store. In Downing's drug store the town marshal of the village maintains his office. On one night in June, 1914, the store was broken into and the marshal's pistol, a flash-light belonging to Downing, and numerous other articles of value were taken. Within a month one Claude Eaton was found to be in possession of the pistol of the marshal and Andy Woods in possession of the flash-light so taken from the store. Upon being arrested the two men claimed to have bought the articles from appellant Bob Farley, whereupon he was arrested.

The evidence against Farley is wholly circumstantial, and is about as follows: On the night the store was broken into he with several other boys was around the village. Late that night he and one other boy started home together, but separated at a point a short distance from Downing's store, one going in one direction and one in the other; thereafter appellant sold the

pistol to Claude Eaton, and claimed to have bought it from a boy in Tennessee, but told him not to tell where he got it; he sold the flash-light to Woods and claimed to have found it. After he was arrested and in custody of the officer he told the officer and Downing that he had found the pistol in a buggy at a livery stable in town, and that he had found the flash-light in the street.

He did not testify for himself, but introduced his brother in an effort to establish an alibi. The brother's testimony was in effect that he had slept with appellant at their home on that night, and that he did not leave there, and that they had gone home together. There is some testimony in the record discrediting at least a part of the brother's testimony.

Three grounds for reversal are urged: First. That while appellant was in the custody of the officer the "Anti-sweating Law of 1912" was violated. Second. Improper argument by the attorney for the Commonwealth, and. Third. Error in the instructions.

The first complaint is based upon the evidence of statements made by appellant after he was arrested and in the custody of the officer, and while he was being interviewed by the officer and Downing; at that interview appellant protested all along that he had not broken into the store, and told the parties where he had gotten the flash-light and pistol. Upon being informed by Downing that he had no desire to prosecute him, and that if he would pay for the articles he would not prosecute him unless he was compelled to, appellant again protested his innocence and said he could not return the articles because he did not have them, but that he had rather pay for them than to be charged with such an offense, and it was arranged that he should give his note with his brother, who was present, as surety, which was done and the note was afterwards paid.

It is the view of attorneys for appellant that this was a violation of the Anti-sweating Law.

The third section of the Anti-sweating Law provides that no confession obtained by means of the sweating defined in the act shall be admitted as evidence in the courts of this State, and shall be deemed to have been obtained under duress. Upon the very face of the act it has no application to the evidence produced in this case; instead of confessing the appellant insisted throughout the interview upon his innocence of the charge, and explained to those present how he came into possession of the pistol and flash-light.

Appellant's next contention is that sub-section 1 of Section 223 of the Criminal Code, which gives the right to a defendant in a criminal or penal prosecution to testify in his own behalf, but provides that his failure to do so shall not be commented upon or allowed to create any presumption against him was violated. In his argument the Commonwealth's attorney referred to the fact that the defendant had told two different stories about where he had found the pistol, and turning to the defendant said, "Nobody has denied it;" he referred to the testimony of Downing and the marshal, and turning to defendant and his counsel declared that nobody had denied it. It is the contention of counsel for appellant that this was equivalent to calling the attention of the jury to the fact that appellant had not testified in his own behalf, and was contrary to the letter and spirit of the section of the Code referred to. But it seems to us that it would be an unreasonable restriction upon the rights of the attorney for the Commonwealth to say that he might not call attention to the fact that certain evidence adduced in the case had not been contradicted, and even emphasize that statement. That these facts were not denied did not necessarily refer to the fact that defendant had not testified; they might have been denied as well by other witnesses as by the defendant himself.

It is complained that the word "feloniously" used in the statute under which the indictment was drawn, was not used in the instructions, but only the word "forceably." The failure to use the word "feloniously" in the instruction, although it is used in the statute under which the prosecution is had, is not reversible error. The necessity of the use of the word in an indictment, and the necessity of its use in an instruction present entirely different questions. This difference is pointed out with care and particularity in the case of Stout v. Commonwealth, 123 Ky., 184.

Perceiving no prejudicial error, the judgment is affirmed.