## Wellman v. Commonwealth.

(Decided September 19, 1918.)

### Appeal from Lawrence Circuit Court.

Larceny—Instructions.—Under an indictment for grand larceny the trial court should instruct the jury on the subject of petit larceny if there is any evidence tending to show that the value of the property stolen was less than $20; but if there is no evidence to show the value of the property to be under $20, such an instruction should not be given.

W. T. CAIN and M. S. BURNS for appellant.

CHAS. H. MORRIS, Attorney General, and OVERTON S. HOGAN, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Under an indictment charging him with grand larceny by taking certain brass fixtures, the property of the Louisa Water & Improvement Company, of the value of more than $20.00, the appellant, Wellman, was found guilty by a jury and his punishment fixed at imprisonment in the penitentiary for two years.

On this appeal he asks a reversal of the judgment, first, because the evidence was not sufficient to sustain the verdict, and second, because the court erred in failing to give an instruction on the subject of petit larceny.

The evidence for the Commonwealth was to the effect that on or about September 21, 1917, the manager of the Water & Improvement Company discovered that certain brass fixtures used in connection with the plant were missing, and upon instituting a search for the articles they were found in the possession of the Pollock Company, junk dealers at Huntington, West Virginia. It was also established that on September 24th Wellman shipped these fixtures from Louisa, where he lived, and where the water and improvement company plant was situated, to the Pollock Company. It further appears from the evidence that a Mrs. Riffe, about the time these fixtures were taken from the plant, saw the appellant, Wellman, and one Jarrel going by her house, at an early hour in the morning, each of them carrying a sack that appeared to contain rough or broken pieces of something, although she did not know what the contents of the sacks were. When she saw them they were coming from the

direction in which the plant was located and going towards the place where Wellman conducted a junk shop.

Testifying in his own behalf Wellman admitted the possession of the fixtures and the sale of them to the Pollock Company, but said he bought them from one Frank Justice for a trifling sum as compared with their real value. He also said that he may have passed early in the morning the house of Mrs. Riffe, carrying a sack, but if he did his sack had in it potatoes or vegetables that he had purchased at a store nearby, and was taking them to his home. There was also some other circumstantial evidence of an unsatisfactory nature conducing to support the testimony of Wellman as well as some direct evidence that Wellman purchased these fixtures from Justice.

In rebuttal the Commonwealth put on the witness stand Frank Justice, who testified that he did not have in his possession or sell to Wellman any of the brass fixtures that he was charged with stealing.

It may be conceded that the evidence for the Commonwealth and that introduced by Wellman is very contradictory, but we think there was sufficient to authorize a submission of the case to the jury, and to sustain the finding of guilt by the jury. Our rule uniformly adhered to is not to disturb the finding of a jury in criminal cases where there is sufficient evidence on the part of the Commonwealth to sustain the verdict, although there may be more convincing evidence tending to establish the innocence of the accused, and applying this rule to the facts and circumstances appearing in the record our conclusion is that the judgment should not be reversed on the ground that there was no evidence or not sufficient evidence to support it.

The court instructed the jury that if they believed the property taken was of the value of more than $20.00 they should find the defendant guilty, but did not give any instruction authorizing the jury to find the defendant guilty of the lesser offense of petit larceny, if they believed the value of the articles to be less than $20.00. It does not appear that any instruction on the subject of petit larceny was asked by counsel for Wellman; but this is not material, because it was the duty of the trial judge to instruct the jury on the whole law applicable to the facts of the case, and so if there was any evi-

dence reasonably tending to show that the fixtures were of less value than $20.00 the court, on its own motion, should have given an instruction permitting the jury to find Wellman guilty of the lower offense if they had a reasonable doubt as to the value of the articles being $20.00 or more.

On the subject of the value of the fixtures, Adkinson, the manager of the company, testified that their value on the day they were taken was about $80.00, and certainly more than $50.00. It further appears from the evidence of Adkinson and others that some of these fixtures were new and others had been used, but those that had been used could be used again, so that all of the fixtures were apparently of some value for use in the operation of the plant. In other words, we gather from the record that none of them were worthless as parts of the machinery, or what might be called mere junk.

Wellman testified that he paid Justice for the fixtures $8.10, and Abrams, the manager of the Pollock Company, who estimated the fixtures at their junk value, put it at about $14.00, but he was not able to fix any value on the new or unused fixtures, and it does not appear that any of the witnesses undertook to fix separately the value of the new and the old. The discrepancy in the value of the fixtures, as given by Adkinson and Abrams, may be accounted for by the fact that Adkinson fixed the value at what they were reasonably worth as pieces of machinery that could be used in the operation of the plant, while Abrams was only able to put a value on those fixtures that had been used and which he treated as junk. Indeed, it appears from his evidence that he regarded all of the fixtures as mere junk and put a value on them as such.

The evidence, however, is conclusive upon the question that all of these fixtures could not be treated as junk; indeed, it is doubtful if any of them should be put in that class, but if it should be assumed that some of them were worthless except as junk there were many of them that were new and unused, and as Abrams did not undertake to put a value on the new or unused fixtures, and in fact said he could not do so, we are of the opinion that there was no evidence fixing the value of the fixtures except that of Adkinson, and no evidence putting the value at a sum less than $20.00. Now this being so, it was not error on the part of the trial court to fail to

give an instruction on the subject of petit larceny, because an instruction should never be given upon an issue appearing in a case unless there is some evidence tending to support the issue.

Upon the whole case we find no reversible error and the judgment is affirmed.