## Gray v. Commonwealth.

(Decided June 13, 1922.)

## Appeal from Graves Circuit Conrt.

1. Larceny—Indictment and Information—Stealing Chickens.—An indictment, drawn under section 1201c, Kentucky Statutes, for stealing chickens, must charge that the taking was against the will and without the consent of the owner of the chickens stolen, and failing to do this is demurrable.

2. Criminal Law—Failure of Defendant to Testify—Argument of Counsel.—By statutes, section 1641, it is provided that a defendant may testify in his own behalf, but his failure to do so shall not be commented upon or be allowed to create any presumptions against him. When a prosecuting attorney, either directly or indirectly, calls attention of the jury to the fact that the defendant has failed to testify he violates the foregoing section, and it is the duty of the court to admonish the jury that such argument is improper and to exclude it from the consideration of the jury, and if it be a flagrant violation of the rule the trial judge should forthwith discharge the jury and select another for the trial of the case.

JAMES T. WEBB for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

In June, 1921, appellant Guy Gray and two other persons were jointly indicted in the Graves circuit court for the crime of chicken stealing, denounced by section 1201-c Kentucky statutes. Gray was awarded a separate trial and was convicted as charged in the indictment and sentenced to serve one year in the state penitentiary. From that judgment he appeals to this court.

As grounds for a reversal of the judgment he assigns several reasons, but it will be necessary for us to consider only one; however, we shall consider two in order that the same error may not occur upon a second trial, if there be one.

Omitting the caption and signature of the Commonwealth's attorney, the indictment against Gray reads as follows:

"The grand jurors of the county of Graves, in the name and by the authority of the Commonwealth of Kentucky, accuse Dewey Drowns, Guy Gray and Noble Mc-

Connell of the crime of 'chicken stealing,' committed in manner and form as follows, to-wit: The said Dewey Drowns, Guy Gray and Noble McConnell, in the said county of Graves on the 24th day of June, 1921, and before the finding of this indictment did unlawfully, wilfully and feloniously take, steal and carry away one lot of fine chickens, the personal property of H. B. Armstrong, and of the value of more than five dollars, and with the felonious intent to convert the same to their own use, and to permanently deprive the said H. B. Armstrong, the owner thereof, and against the peace and dignity of the Commonwealth of Kentucky.''

To this indictment Gray, by counsel, interposed a general demurrer, which was overruled by the trial court. In this the court erred. It will be observed that the indictment does not charge the defendant Gray with taking and carrying away the chickens against the will and without the consent of the owner of said chickens. In the very recent case of Asher Hudspeth v. Commonwealth, 195 Kentucky 4, we held that such an averment was necessary in order to have a valid indictment under section 1201-c, Kentucky Statutes, saying: ''It follows that an indictment for the crime of stealing fowls of the value of two dollars, or more, as denounced by section 1201-c, *supra,* should charge all the facts necessary to constitute the common law larceny. There is no better established rule than that taking and carrying away and permanently depriving one of property, in order to constitute larceny, must be against the will or at least without the consent of the owner.'' See authorities cited in the Hudspeth case. As the indictment in this case is almost precisely like the one in the Hudspeth case, in which we held the demurrer should have been sustained, the trial court erred in overruling the demurrer to the indictment in this case.

There is yet another very serious error for which the judgment must be reversed. It was committed by the Commonwealth's attorney in his closing argument to the jury. We are always glad to commend an official for doing his full duty, but we are equally as ready to condemn a prosecuting officer who goes beyond the law and his rights as an official to procure a conviction of one charged with crime. The law guarantees to each person charged with crime a fair and impartial trial, but this cannot be had if the prosecutor is allowed in argument to violate the plain provisions of our Criminal Code and statutes.

By section 1641, Kentucky Statutes, it is provided: ''In all criminal and penal prosecutions now pending or here-after instituted in any of the courts of this Common-wealth, the defendant on trial, on his own request, shall be allowed to testify in his own behalf, but his failure to do so shall not be commented upon, or be allowed to create any presumption against him.''

In arguing the case the prosecuting attorney, while pointing his finger at the defendant, said: ''Guy Gray is a chicken thief; just look at him. If he is not, he ought to take that face off of him; look at his face; he is a chicken thief and looks like a chicken thief.'' This was stated to the jury by the prosecutor while brandishing his finger in the face of the defendant. Attorney for de-fendant made objection to the court to the argument, and moved the court to exclude it from the jury, but the court overruled the motion and did not admonish the jury nor counsel. The defendant Guy Gray did not testify as a witness in the case. In calling attention to this fact, the prosecuting attorney said in argument: ''I am help-less in this case. I can only cross-examine the witnesses who testify and who were introduced by the defendant. I wish I could turn loose and argue this case just like it occurred. The defendant was charged in another case with stealing chickens, but I can not talk about it, but *said Guy Gray could have got on the stand and testified* about that case and told how it was. I know that Guy Gray lost his knife on that night *because he did not get on the stand and deny it.* He could have come *on the stand and sworn he did not lose his knife* and could have *testified and told all he knew about it, but he failed to do it.''* To all this argument made by the attorney for the Commonwealth the defendant, by counsel, objected and moved the court to exclude the same from the jury, but the court refused to interfere and did not exclude the argument from the jury or admonish the jury not to con-sider it. There could hardly be a more flagrant violation of section 1645, Kentucky Statutes, than was committed by the prosecuting attorney in this case. He repeatedly referred directly to the failure of the defendant to testify in the case. This was not only a violation of the law and entitling the defendant to a discharge of the jury, but it was bad practice and worse ethics. In such a case it is the duty of the trial judge to promptly sustain a motion of the counsel for defendant and to stop the argument. During the argument in a felony case the trial judge

should be present and give attention to the argument so as to be able to act upon an objection without unreasonable delay. When the right of argument is so flagrantly violated, as shown by the record in this case, the trial judge should not hesitate to grant a new trial and thus save the defendant and the Commonwealth the needless expense of an appeal.

For the reasons indicated the judgment is reversed for proceedings consistent with this opinion.

Judgment reversed.