## Richards v. Commonwealth.

(Decided June 16, 1922.)

## Appeal from Warren Circuit Court.

1. Indictment and Information—Insufficiency of Accusations.—An indictment under the provisions of section 129 of the Criminal Code, in order to be good, should aver that the offense charged was committed before the finding of the indictment, except where a named prior date for the commission is contained therein, and where there is no named prior date and no averment that the commission was before the finding of the indictment, it is insufficient and subject to demurrer.

2. Larceny—Instructions.—An instruction in a prosecution for larceny should require the jury to believe, among other things, that the taking of the property by the defendant was "with the intention to permanently deprive the owner thereof," since such intention on the part of the defendant is necessary to constitute the crime of larceny.

N. P. SIMS for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

Upon his trial, under an indictment charging him with the crime of grand larceny returned by the grand jury of Warren county, the appellant, John Richards, was found guilty and his punishment fixed at confinement in the penitentiary for a term of four years. His motion for a new trial was overruled and from the judgment rendered on the verdict he prosecutes this appeal. In his motion for a new trial a number of supposed errors are relied on as grounds sufficient to authorize the granting of it, but only three of them are discussed and urged on this appeal, which are: (1), the court should have sustained defendant's motion for a peremptory instruction directing a verdict of not guilty; (2), failure of the court to give an instruction authorizing a conviction for petit larceny, and (3), failure of the court to properly submit the crime of larceny in the instructions given to the jury.

The property claimed to have been stolen belonged to Claude Thomas, who owned and operated a garage, and it consisted of four new automobile tires, which, according to the proof, were worth $20.00 each, and one second-

hand tire of the value of about $7.50. There was no demurrer entered to the indictment, but we find it defective in at least two particulars. The date of the theft is alleged in the indictment to have occurred "on the ——— day of ——, A. D. 192—," and there is no statement therein that it occurred *before* the finding of the indictment, which is universally held by this and all other courts to be essential, unless the date stated in the indictment is one prior in time to the date of its finding and return, although under the provisions of section 129 of the Criminal Code the stated time in the indictment of the commission of the offense would not be binding on the Commonwealth, and it could prove any other time of the commission of the offense from the one so stated, if it was not beyond the limitation period for the particular prosecution; but, since a felony is not barred by limitation in the character of indictment we have here the commission of the offense might be proven at any time prior to the finding of the indictment. There being no statement in the indictment before us of the time of the commission of the offense with which appellant is charged, and no allegation that it was committed *before* the finding of the indictment, it was clearly insufficient and subject to demurrer therefor. Criminal Code, section 129; Estes v. Commonwealth, 194 Ky 475.

It was also insufficient because it did not contain the necessary allegation, as an element of the crime of larceny, that the alleged taking of the tires by appellant was with the intention of *permanently depriving the owner thereof*. A late case dealing with the elements of larceny and the necessary averments in an indictment therefor, is Hudspeth v. Commonwealth, decided May 23, 1922, and not yet published, in which it is held that in an indictment for statutory larceny, the elements of which are not contained in the statutes, must contain all of the common law elements essential to the constitution of that crime. Subsection 4 of section 124 of the Criminal Code requires the allegations of all indictments to be direct and certain as to "The particular circumstances of the offense charged, if they be necessary to constitute a complete offense." To constitute larceny the property must be taken, not only without the consent of the owner, but with the intention of permanently depriving him of it. In 25 Cyc. 45, it is stated that "An essential element in the crime of larceny is that the thief should have a felonious intent, the intent to steal or *animus furandi*, that

is, the intent to deprive the owner feloniously and permanently of his property, at the time of the taking of possession," and on page 52 the text says: "There is no *animus furandi* without an intention of depriving the owner permanently in a fair sense. The wrongful taking of the personal property of another for a mere temporary purpose is not larceny." Instances are given where the taking of the property although without the consent of the owner would not be larceny, such as the taking of a horse with the intention of temporarily using it and then to return it, or the taking of a skiff for the temporary purpose of crossing a stream, and many other illustrations cited in note 52 to the excerpt.

In 17 R. C. L. 27, the same doctrine is thus stated: "The rule, as generally stated, is that there must be an intent wholly and permanently to deprive the owner of his property, and that it is not larceny to take a thing for a temporary purpose with a *bona fide* intention of returning it, or of paying for it." In the case of Mearns v. Commonwealth, 164 Ky. 213, we said: "To constitute the crime of larceny, the intent with which the property was taken must be felonious. In the language of the common law, it must be done *animus furandi*. To take property in the absence of an intention to steal, that is, an intention to wrongfully take the property from the possession of the owner, with the intent to convert the same to the use of the taker permanently, and to deprive the owner of the use and benefit of it, is not larceny, though under proper conditions it is a trespass. This intention is an essential element in the crime of larceny;" and the first excerpt, *supra,* from the volume of Cyc. referred to, is cited in support of that statement.

In the case of Ford v. Commonwealth, 175 Ky. 126, the opinion upon the point under consideration says: "To take property in the absence of an intention to steal, that is, an intention to convert the same to the use of the taker and permanently to deprive the owner thereof, is not larceny, though under proper circumstances it may constitute a trespass." Supporting that statement the Mearns case and others from this court are referred to. In Rose's Kentucky Criminal Law and Procedure and Forms, section 1043, there is given the form of an indictment for larceny and it contains the statement "and to permanently deprive the said (owner) of his property therein." The indictment in this case containing no such allegation, it was likewise insufficient to charge the

crime of larceny for which the defendant was tried. Since, however, there was no demurrer to the indictment, we will not base the reversal upon that ground.

Instruction No. 1, authorizing a conviction, which the court gave in the Ford case, *supra*, said: "If the jury believe from the evidence beyond a reasonable doubt that in Warren county, Kentucky, and before the finding of the indictment herein, the defendant, Frank Ford, by himself or with another, did unlawfully, wilfully and feloniously, steal, take and carry away from one Mrs. Fannie Thomas, one horse, the property of Mrs. Thomas. without the knowledge or consent of the owner, and did convert same to his own use, they will find defendant guilty as charged, and fix his punishment at confinement in the penitentiary for not less than two nor more than ten years." The judgment of conviction was reversed because, as stated in the opinion, "The jury may have concluded that the mere taking and use of the horse, without the owner's consent, constituted larceny, even though defendant had no intention of permanently depriving the owner of the property," and because the instruction did not submit to the jury the essential element of defendant's *intention* "of permanently depriving the owner of the property," a reversal was ordered, although it was recognized in the opinion that "cases may arise where an instruction in the language of the given one would not be prejudicial." The instruction in this case is in almost the exact language of the condemned one in the Ford case containing, as it does, the same fatal omission, and we find nothing in the evidence in this case which would render the omission non-prejudicial. The defendant admitted the taking of the four new tires, but he claimed that another individual who claimed to own them delivered them to him as a bailee and that he had no intention of stealing them from Thomas or any one else, nor did he do so. Unless, therefore, he converted the tires to his use without the consent of the owner and with the intention to *permanently deprive the latter of his property therein* he was not guilty of the crime with which he was charged. In fact his whole defense rested upon the fact that he did not intend to *deprive the owner* or any one else of any property in the tires which he was charged with stealing. The instruction complained of, therefore, was so prejudicially erroneous as to require a reversal.

The complaint that the court erred in failing to instruct the jury on petit larceny is based upon the fact

that the only tire found which Thomas, the alleged owner of the stolen property, could positively identify was the second-hand one, which was of the proven value of only $7.50, but it and the four new tires were found together and defendant admitted taking the new ones, but denied the taking the old one. Thomas testified that some new tires had been taken from his garage but that all of them, as well as similar ones handled by others, were so wrapped and encased that he could not identify them as having been taken from his garage. The proven confessions of the defendant, however, supplied that omission, since he stated therein that they were taken from the garage but at the instance and directions of another, whom he thought was the owner. So that the only question for submission was the intention with which defendant became possessed of the tires, which indisputably were worth more than enough to constitute grand larceny; and if defendant also took and carried away the old tire he thereby only increased the value of all the property taken by him.

For the reasons stated the judgment is reversed with directions to grant a new trial and for proceedings consistent herewith.