## Mabry v. Commonwealth.

(Decided November 28, 1922.)

### Appeal from Christian Circuit Court.

1. Intoxicating Liquors—Evidence Obtained by Illegal Search and Seizure.—It is a well recognized rule of law in this jurisdiction that evidence obtained by an illegal search and seizure is inadmissible, and that the question of its incompetency and consequent

inadmissibility, properly may be raised by objection made when the evidence is offered.

2. Intoxicating Liquors—Search Warrant—Evidence.—A joint affidavit in which the affiants merely state: "That there is probable and reasonable grounds for believing" that intoxicating liquors "are being sold, or suspected of being sold or disposed of in violation of law, or kept for sale or other disposition in violation of law," in the building in Hopkinsville occupied by the appellant as a place of business, was insufficient to support the search warrant that was issued thereon, as it stated no facts from which the existence of probable cause could be judicially determined.

3. Intoxicating Liquors—Search Warrant and Affidavit—Invalidity. —As both the affidavit and search warrant were invalid, their introduction in evidence by the Commonwealth, together with that of the action taken under the search warrant by the chief of police and his posse in respect to the search made by them of the appellant's premises and seizure of a small quantity of whiskey discovered therein, should not have been permitted by the trial court, over the objections made by the appellant to its admission when offered, as under numerous recent decisions of the Court of Appeals evidence thus obtained is incompetent to establish the defendant's guilt of the offense of unlawfully having in his possession spirituous liquor for sale. Hence the failure of the trial court to exclude this, the only evidence for the Commonwealth, and direct the return by the jury of a verdict of not guilty, was reversible error.

BREATHITT & BREATHITT for appellant.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellant, Walter Mabry, was tried in the court below under an indictment charging him with the offense of unlawfully having in his possession intoxicating liquors for sale for purposes other than medicinal, scientific, sacramental or mechanical. The trial resulted in the return of a verdict by the jury finding him guilty of the offense charged, and fixing his punishment at a fine of $50.00 and confinement of thirty days in jail. The refusal of the circuit court to set aside the verdict and grant the appellant a new trial led to the granting by it of the present appeal, and his prosecution of same.

The appellant urges as grounds for the reversal of the judgment error of the trial court: (1) In admitting, over his objection, incompetent evidence; (2) in refusing, as requested by him when the Commonwealth concluded its evidence, and, again, at the conclusion of all

the evidence, an instruction peremptorily directing the jury to return a verdict finding him not guilty of the offense charged. The appellant is the proprietor and manager of a soft drink stand or business which he conducts in a store or building of two rooms in the city of Hopkinsville. It appears from the testimony of J. H. Ware, chief of police of Hopkinsville, and Clark and Hawkins, policemen of that city, that acting under a search warrant issued by the police judge, they raided and searched the soft drink stand and building of the appellant and found in the basement at the foot of the steps leading to same from the rear room a half gallon glass jar and partly broken pint bottle, each containing a small quantity of "white" whiskey, the larger quantity being in the jar. The bottle, apparently, had just been broken on the steps, several of which were wet with freshly spilled whiskey. The jar had fallen on some burlap sacks, which were saturated with the whiskey spilled from the jar. The whole of the foregoing evidence was objected to by the appellant as offered and introduced, but the court overruled each objection, to each of which rulings the appellant at the time duly excepted. The search warrant by virtue of which the building was searched and whiskey discovered, and affidavit upon which it was issued, were also introduced and read in evidence by the Commonwealth on the appellant's trial, to the introduction of each of which he likewise objected, but the objections were overruled by the court and each ruling excepted to by the appellant.

The affidavit referred to is a joint one, subscribed and sworn to by J. H. Ware, chief of police, and one Eller Roper, which merely recites: "That there is probable cause and reasonable grounds for believing that 'intoxicating liquors' are being sold, or suspected of being sold or disposed of in violation of law, or kept for sale or other disposition in violation of law," in the building in Hopkinsville occupied by the appellant as a place of business.

It will be observed by a comparison of them, that this affidavit is more indefinite and otherwise defective than the similar ones declared in Colly & Crawford v. Commonwealth, 195 Ky. 706, and Price v. Commonwealth, 195 Ky. 711, wholly insufficient, tested by the provisions of section 10, Kentucky Constitution, and those of the Fourth Amendment to the Constitution of the United States, to authorize the issuance of a search

warrant. It is patent, therefore, that the affidavit of Ware and Roper did not by way of information furnish the police judge with such facts as were sufficient to enable or authorize him to determine that there was probable cause for the issuance of the search warrant in question; consequently its issuance by him was without authority of law, and the subsequent search thereunder of the appellant's premises and seizure of the whiskey found therein were also unauthorized and illegal. .

Furthermore, as in the cases, *supra,* and the previously decided case of Youman v. Commonwealth, 189 Ky. 152, it is declared evidence obtained by an illegal search and seizure is inadmissible, and that the question of its incompetency, and consequent inadmissibility, may be raised by objecting to its admission at the time the evidence is offered; and this having been the course pursued by the appellant on his trial in the court below, we are constrained to hold that the action of the trial court in admitting, over his objection, the evidence in question, is reversible error.

The court's refusal of the requested instruction directing the appellant's acquittal of the offense charged by the verdict of the jury, was also reversible error; as without that obtained by the illegal search and seizure erroneously admitted by the court, there was no evidence whatever upon which to base the verdict returned by the jury.

For the reasons indicated, the judgment of the circuit court is reversed, and cause remanded for a new trial not inconsistent with the opinion.