## Dykes v. Commonwealth.

(Decided May 5, 1925.)

### Appeal from Morgan Circuit Court.

Criminal Law—Commonwealth's Attorney's Remarks Held Comment on Defendant's Failure to Testify Requiring Reversal.—Commonwealth's attorney's statement that "defendant has been sitting there during trial of case and has made no explanation," and "that the defendant had only sat there as an exhibit," held a comment on defendant's failure to testify, in violation of Ky., Stats., section 1645, requiring reversal.

S. MONROE NICKELL and H. C. ROSE for appellant.

FRANK E. DAUGHERTY, Attorney General, and MOORMAN DITTO, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Reversing.

Appellant was convicted of the offense of assault and battery and fined $250.00. He was present but did not testify on the trial. In allusion to this the Commonmonwealth's attorney in his closing argument to the jury said: "The defendant has been sitting there during the trial of the case and has made no explanation why he had beat up (the prosecuting witness) Willie Stacy."

Defendant objected and the court told the jury "that was incompetent and improper and should not be commented on," whereupon the attorney said "that the defendant had only set there as an exhibit," to which defendant objected, there being no other ruling.

Section 1645, Ky. Statutes, provides that in a criminal prosecution the defendant may testify in his own behalf, and continues, "but his failure to do so shall not be commented upon, or be allowed to create any presumption against him."

This statute declares an elementary rule of practice and should be upheld by prosecuting officials under their oaths of office. Courts cannot tolerate a violation of it and maintain the dignity of the Commonwealth and their own self-respect. When clearly disregarded, whether wilfully or through inadvertence or ignorance, a verdict of guilty based thereon should be set aside and a new trial granted, as it must be presumed that an unlawful prosecution is prejudicial to the defendant. Miller v. Com., 182 Ky. 438; Gray v. Com., 195 Ky. 307.

Wherefore, judgment is reversed and cause remanded for proceedings consistent with this opinion.