### Chandler v. Commonwealth.

(Decided December 4, 1925.)

Appeal from Allen Circuit Court.

1.  Intoxicating Liquors—Evidence Held Sufficient to Sustain Conviction for Unlawful Sale of Intoxicating Liquors.—Evidence held sufficient to sustain conviction for unlawful sale of intoxicating liquors.

2.  Criminal Law—Statement of Commonwealth's Attorney Held Not in Violation of Statute Forbidding Comment on Failure of Defendant to Testify.—Where, in prosecution for unlawful sale of intoxicating liquor, officers testified that defendant's reputation for trafficking in liquor was bad, statement in argument of Commonwealth's attorney that, if testimony of officers was not true, defendant could have offered evidence to show that it was not, held not in violation of Ky. Stats., section 1645, which forbids comment upon the failure of defendant to testify in his own behalf.

W. D. GILLIAM for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE— Affirming.

Appellant and Neal Atwood were jointly indicted and tried for an alleged unlawful sale of intoxicating liquor. Atwood was acquitted but appellant was found guilty and his punishment fixed at a fine of $100.00 and confinement in jail for thirty days and from that judgment he has prosecuted this appeal.

His only grounds for reversal are (1) that the verdict is not supported by the evidence and (2) misconduct of the Commonwealth's attorney in his argument of the case.

For the Commonwealth Mr. A. Hobdy testified that about ten days before Christmas, 1924, he asked appellant where he could procure some liquor, to which appellant replied he did not know but that he had recently gotten some from a fellow up in the country; that upon Christmas Eve a young man came into his place of business and asked him if he wanted some liquor; that he informed him he did and directed him to go to his garage and he would meet him there in a few minutes; and he then went to his garage and found the young man and appellant waiting there for him in an automobile; that the young man, whom he did not know, got out of the car and delivered to him a gallon of moonshine whiskey for which he paid him $10.00.

Another witness for the Commonwealth testified that he saw the machine drive up to Mr. Hobdy's garage and that he recognized appellant as one of its occupants. Several witnesses testified for the Commonwealth that appellant's reputation as an illicit dealer in liquor was bad.

Appellant did not testify or introduce any evidence in his behalf, and the reasonable inference from the uncontradicted evidence for the Commonwealth is that appellant brought about or was interested in the sale as principal or agent. Or stated otherwise, the described circumstances are of such force as reasonably to exclude every hypothesis of the defendant's innocence and therefore sufficient to sustain his conviction. Knight v. Commonwealth, 194 Ky. 563, 240 S. W. 40.

There is therefore no merit in the contention that the evidence is not sufficient to support the verdict.

The statement of the Commonwealth's attorney in his argument before the jury of which complaint is made is, "If the statement of these three officers was not true the defendant could have offered evidence to show that it wasn't." The three officers had testified simply that appellant's reputation for illicit trafficking in liquor was bad. Hence the only effect of the Commonwealth's attorney's statement was to call attention to the fact that the defendant had offered no evidence upon the question of

his reputation, and as he was not a competent witness upon that question the statement in no way referred to his own failure to testify. Besides it amounted to no more than a statement by the Commonwealth's attorney that nobody had denied this evidence for the Commonwealth; and we held in Farley v. Commonwealth, 165 Ky. 600, 177 S. W. 431, that such a statement was not contrary to either the letter or the spirit of section 1645 of the statutes which forbids comment upon the failure of the defendant to testify in his own behalf. See also Davis v. Commonwealth, 191 Ky. 242, 229 S. W. 1029, which is to the same effect.

Judgment affirmed.