## Goodin v. Commonwealth.

(Decided September 26, 1930.)

E. N. INGRAM for appellant.

J. W. CAMMACK, Attorney General, and HOWARD BLACK for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellant was convicted of the crime of grand larceny, sentenced to serve five years in the penitentiary, and appeals.

As grounds for reversal he contends, first, that the court should have instructed the jury that, if they believed from the evidence he had been proven guilty of knowingly receiving stolen property, but had not been proven guilty of stealing it, he should be acquitted; and, second, that he was entitled to an instruction on petit larceny.

The crime for which appellant was convicted consisted of the theft of a Ford automobile owned by R. O. Edgin of Nashville, Tenn. The car was stolen at Pineville, Ky., on August 27, 1929, and about thirty days later appellant was arrested while in possession of it. The evidence for the commonwealth discloses that he had been seen in possession of the car on a number of occasions before he was arrested. The car had been repainted and other changes had been made in an effort to conceal its identity. Appellant testified that he learned the car had been stolen and that he was suspected of the theft. He further testified that he located the car in Tennessee where it had been abandoned; that in order to prove he was innocent of the theft, and to protect some of his acquaintances who were also under suspicion he went to Tennessee and took possession of the car for the purpose of returning it to the owner. He admitted that he had been in possession of it for two or three weeks before he was arrested and had driven it several hundred miles.

The offense of larceny and the offense of knowingly receiving stolen property are not degrees of the same offense, though they may, by express provision of the Criminal Code, be joined in an indictment. Criminal Code of Practice, sec. 127. The indictment did not charge appellant with the offense of knowingly receiving stolen property, and, had there been such a count in the indictment, there was no evidence upon which to base an instruction. Appellant did not claim that he received the property from any one, but admitted that he took possession of it without anyone's consent. It necessarily follows that he was not entitled to the instruction he now contends should have been given.

The uncontradicted evidence shows that the automobile was a 1929 model Ford roadster worth $430 when stolen. As the evidence without contradiction showed the value of the property to be in excess of $20, there was no evidence on which to base an instruction on petit larceny, and the court properly refused to give such an instruction. Wellman v. Commonwealth, 181 Ky. 346,

205 S. W. 328; Davis v. Commonwealth, 191 Ky. 242, 229 S. W. 1029; Richards v. Commonwealth, 195 Ky. 333, 242 S. W. 591.

Finding no error prejudicial to appellant's substantial rights, the judgment is affirmed.