## Divine v. Commonwealth.

(Decided December 16, 1930.)

TEAGUE & TEAGUE for appellant.

HOWARD SMITH GENTRY and J. W. CAMMACK, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

Buck Divine was convicted of the crime of grand larceny, and a sentence of imprisonment for a term of three years was imposed upon him. He has prosecuted an appeal from the judgment, insisting that error to his prejudice intervened at the trial. Three instances of alleged error are assigned in support of his contentions.

1. The first insistence is that certain evidence obtained by a search of appellant's home under an invalid search warrant was inadmissible against him. It has been decided by this court that evidence obtained by a search made pursuant to a void search warrant may not be used against the accused. Youman v. Com., 189 Ky. 152, 224 S. W. 860, 13 A. L. R. 1303; Mabry v. Com., 196 Ky. 626, 245 S. W. 129; Keith v. Com., 197 Ky. 364, 247 S. W. 42; Reed v. Com., 233 Ky. 184, 25 S. W. (2d) 77. The validity of the search warrant in this case is assailed upon the two grounds that the affidavit therefor was insufficient, and that the warrant itself was not signed by the officer in person, but by his official stenographer. We pass the question of the adequacy of the affidavit, since the failure of the county judge to sign the search warrant was fatal to its validity. Miller v. Com., 201 Ky. 423, 257 S. W. 3. The Act of 1914 (Acts 1914, c. 43), authorizing the appointment, in certain counties, of a stenographer or clerk to serve the county judge, and defining his power and duties, does not empower that clerical official to sign a search warrant. The duties are thus defined and delimited by the statute:

"It shall be the duty of said stenographer to do stenographic work and typewriting for said county judge, and said stenographer shall perform such other duties as may be assigned to him by said county judge.

"Said stenographer shall by virtue of his office have the same power of administering an oath as a notary public." Ky. Stats., secs. 1061a-2, 1061a-3.

The reasons for the rule requiring process issued as the result of judicial action, and involving the exercise of judicial discretion, to be signed by the judge in person, are explained in the opinion in Miller v. Com., supra, and we see no reason to relax the rigor of the rule. Cf. Payton v. McQuown, 97 Ky. 757, 31 S. W. 874, 17 Ky. Law Rep. 518, 31 L. R. A. 33, 53 Am. St. Rep. 437, and Monroe's Guardian v. Monroe, 214 Ky. 440, 285 S. W. 250.

The commonwealth urges that the search in this case was with the consent of the appellant, and hence the invalidity of the search warrant was not available to him. Com. v. Meiner, 196 Ky. 840, 245 S. W. 890; Howard v. Com., 197 Ky. 297, 247 S. W. 10; Gray v. Com., 198 Ky. 610, 249 S. W. 769; Williams v. Com., 204 Ky. 538, 264 S.

W. 1080. The officer presented the search warrant which appellant read, and then directed the officer to go ahead and search. A consent of that character given under such circumstances is presumed to have been but proper submission to the authority displayed, and is not construed as a voluntary assent to the search, or as a waiver of constitutional rights. Coleman v. Com., 219 Ky. 139, 292 S. W. 771; Thomas v. Com., 226 Ky. 101, 10 S. W. (2d) 606; Jones v. Com., 227 Ky. 157, 12 S. W. (2d) 280.

We are constrained to the conclusion that the evidence obtained by virtue of the search of appellant's house under the invalid warrant was not admissible against him, and failure to exclude it requires reversal of the judgment. This will necessitate another trial, but since there is competent evidence tending to establish the guilt of the appellant, even without that uncovered by the search, it is necessary to dispose of the other questions presented by the appeal.

2. It is urged that an instruction on petit larceny should have been given to the jury. The uncontradicted evidence respecting the value of the stolen property was to the effect that it was worth much more than $20. In that state of the record, it is not necessary or proper to instruct the jury regarding petit larceny. Goodin v. Com., 235 Ky. 349, 31 S. W. (2d) 380; Wellman v. Com., 181 Ky. 346, 205 S. W. 328; Davis v. Com., 191 Ky. 242, 229 S. W. 1029; Richards v. Com., 195 Ky. 333, 242 S. W. 591.

If there is any evidence tending to show that the property stolen was of a value not exceeding $20, it is necessary to give an instruction on petit larceny. Reed v. Com., 233 Ky. 184, 25 S. W. (2d) 77.

3. In his argument to the jury, an attorney for the prosecution said "that the defendant failed to introduce any witness to prove where the meat (which was the stolen property) in question came from, and by reason of such failure, he therefore, was guilty in not showing where he got the meat."

The defendant did not testify at the trial, and contends that the comment of counsel was an indirect violation of the law which forbids any reference to be made to the failure of a defendant to take the witness stand, or any inference of guilt to be derived from that fact. Ky. Stats., sec. 1645; Dykes v. Com., 208 Ky. 734, 271 S. W. 1042; Gray v. Com., 195 Ky. 307, 242 S. W. 8.

The defendant was at liberty to introduce witnesses other than himself to prove the fact adverted to by the prosecutor, and he cannot shelter under his personal privilege to excuse himself from producing exculpatory testimony, if the situation disclosed that such evidence, if there was any, was presumptively within his power to produce. It was not his silence that counsel referred to in the speech, but his failure to furnish the facts, which must have been known to other witnesses available to him, if in truth such facts existed. Farley v. Com., 165 Ky. 600, 177 S. W. 431; Rowland v. Com., 202 Ky. 92, 259 S. W. 33; Miller v. Com., 182 Ky. 438, 206 S. W. 630; Chandler v. Com., 211 Ky. 594, 277 S. W. 980. But for the reason stated, a new trial will have to be granted.

The judgment is reversed for a new trial in accordance with this opinion.