### Ridner v. Commonwealth.

(Decided February 26, 1932.)

558

W. B. EARLY for appellant.

BAILEY P. WOOTTON, Attorney General, and FRANCIS M. BURKE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY HOBSON, COMMISSIONER— Reversing.

Andy Ridner, Luke Kidd, Carl Ridner, and Cleo Ridner were indicted for the offense of maliciously shooting another with intent to kill. Andy Ridner demurred to the indictment. His demurrer was overruled. The case came on for trial; he was found guilty and his punishment was fixed at two years' imprisonment. He appeals.

The first question made on the appeal is that the court should have sustained appellant's demurrer to the indictment. The offense is set out in the indictment in these words:

"The said Andy Ridner, Luke Kidd, Carl Ridner and Cleo Ridner, on the 3rd day of June, 1930, in the county and state aforesaid, and before the finding of the indictment herein, did with force, and arms, unlawfully, willfully, maliciously and feloniously with pistols and guns loaded with leaden bullets and other hard and explosive substances, shoot at and wound John Clay Rose, Milly Rose and Ervin Rose, in and upon the head and body, arms and persons of the said John Clay Rose, Milly Rose and Ervin Rose with the felonious and malicious intent to kill the said John Clay Rose, Milly Rose and Ervin Rose but from which shooting and wounding death did not ensue."

It will be seen that the defendants were charged with malicious wounding with intent to kill John Clay Rose, Milly Rose, and Ervin Rose. The malicious wounding of each of these persons with intent to kill was an offense under the statute. By section 165 of the Criminal Code of Practice a demurrer is proper if more than one offense is charged in the indictment, except as provided in section 127, which has no application here. As the indictment here charged the defendants with three separate offenses, the demurrer should have been sustained. Keeton v. Com., 92 Ky. 522, 18 S. W. 359, 13 Ky. Law Rep. 748; Commonwealth v. Browning, 146 Ky. 770, 143 S. W. 407; Canada v. Com., 242 Ky. —, 45 S. W. (2d) 834, decided Jan. 19, 1932. But in such a case the commonwealth attorney may elect to prosecute the case, for the shooting of one of the persons named, and dismiss without prejudice the indictment as to the shooting of the other persons. Cartwright v. Com., 196 Ky. 6, 244 S. W. 55; Davis v. Com., 201 Ky. 300, 256 S. W. 429.

On the return of the case, unless the commonwealth attorney so elects, the demurrer to the indictment will be sustained. But if he elects to prosecute for the shooting of only one of the parties, the demurrer will be overruled and the indictment will be dismissed as to the shooting of the other two persons.

On the trial of the case the commonwealth introduced four witnesses who proved that the four defendants, named in the indictment, came to the house of Rose and stopped at the yard gate. They then fired into the house and shots were fired at them from the house. Who first began the shooting does not definitely appear. Carl Ridner and Luke Kidd had shotguns. Andy Ridner had a pistol. He was firing his pistol and the other parties were firing shotguns. The father, mother, and the son were each shot with one shot from a shotgun. No one was shot with a pistol. At the conclusion of the evidence for the commonwealth the appellant moved the court to instruct the jury peremptorily to find him not guilty. The court overruled the motion and he did not introduce any evidence. He insists that his motion for a peremptory instruction should have been sustained, because the indictment did not charge that these persons were shot by Luke Kidd or Carl Ridner, and that he was present, aiding and assisting in the shooting. But although none of his shots took effect, if he was present and shooting with a pistol while his associates were shooting with a

shotgun he may be convicted under the indictment and the court should so instruct the jury. In Roberson's New Criminal Law, sec. 186, the rule sustained by the Kentucky cases is thus stated:

"The distinction between principals in the first and second degree is of no practical importance. All the offenders may be included in the same indictment, which may charge the offense as done generally by all, or especially, as done by one and abetted by the rest. Thus, if two or more persons are indicted as the actual perpetrators of a crime, they may be convicted as aiders and abettors. To indict both the principal and aider and abettor as principals, they are notified that the commonwealth can and will attempt to prove, in order to make out their crime, that one did the principal act and the other aided and abetted, and may prepare their defense accordingly. So when two persons are jointly indicted, one as a principal and the other as aider and abettor, the one charged as principal may be found guilty of aiding and abetting, and the one charged as aider and abettor may be found guilty as principal. This is for the reason that each is the agent and instrument of the other."

The Commonwealth attorney, over the objection and exception of the defendant, was allowed to say to the jury the following:

"Talk about turning this man loose on this charge. It is not denied. There is no excuse for it. If he comes in and offers no excuse for a thing like this he ought to be convicted."

While the defendant may testify in his own behalf, it is provided by the statute that "his failure to do so shall not be commented upon, or be allowed to create any presumption against him." Ky. Stats., sec. 1645. The commonwealth attorney should not comment upon the failure of the defendant to testify. Gray v. Com., 195 Ky. 307, 242 S. W. 8; Dykes v. Com., 208 Ky. 734, 271 S. W. 1042. But the commonwealth attorney may properly comment on the fact that the defendant offers no testimony in defense of the charge against him. Farley v. Com., 165 Ky. 600, 177 S. W. 431; Miller v. Com., 182 Ky. 438, 206 S. W. 630; Rowland v. Com., 202 Ky. 92, 259 S. W. 33; Chandler v. Com., 211 Ky. 594, 277 S. W. 980.

This case falls under the latter rule. In cases of affray like this, where it is not clear who began the difficulty, the court should instruct the jury as to shooting in sudden heat and passion and also on self-defense.

Judgment reversed, and cause remanded for further proceedings consistent herewith.