J. D. Buckman, Atty. Gen., Zeb Stewart, Asst. Atty. Gen., R. R. Craft, Winchester, for appellee.

**BRADLEY v. COMMONWEALTH.**

Court of Appeals of Kentucky.

Oct. 16, 1953.

STANLEY, Commissioner.

The testimony of Beverly Hendrix, the victim, and his companion, Myrtle Applegate, sustains the conviction of the appellant, Roy Bradley, of the offense of cutting another with a knife in sudden affray or heat of passion. KRS 435.180. The testimony of the defendant's wife shows self-defense. The defendant did not testify.

Implementing the constitutional protection against self-incrimination, KRS 455.-090 declares that failure of a defendant in a criminal prosecution to testify in his own behalf "shall not be commented upon or create any presumption against him." In the present case the Commonwealth's Attorney violated the law in the course of his argument by rather persistent indirect but nevertheless effective comment on the failure of the accused to testify as shown by the following extracts:

"It goes undenied that Roy Bradley did the cutting * * *." "There is no claim made here by any witness—no question by anybody, directly or indirectly, that he received a cut from anybody else. If that is true—and it is not denied—then the jury is able to reach the conclusion. * * * I have no way of knowing, nor do you, what was in the mind of Roy Bradley at

the time he was cutting this man from cheek to hip, or why he was doing it; we are not told. * * * It was my opinion there was one person that could have told you. * * * There was one person in my opinion who could have told you, but if anybody told you I didn't hear it. In my opinion why a man does a thing or why a man doesn't do a thing, unless the person who probably knows comes and tells you so, cannot be known. If anybody told you that, I failed to hear it."

Objections of the defendant during the course of the argument were overruled.

 True, the failure of a defendant to testify is a circumstance which no intelligent juror can help taking into consideration of his own accord, and the injurious effect of a reference to the fact may be doubtful. But the jury being mortals often succumb to the emotional appeal. The privilege of immunity of an accused person from having his silence questioned is fundamental and should be held inviolate. This constitutional right against self-incrimination is so jealously guarded that even a statute expressly declaring the accused's failure to testify "to be a proper subject of comment by the prosecuting attorney" has been held unconstitutional. State v. Wolfe, 64 S.D. 178, 266 N.W. 116, 119, 104 A.L.R. 464. In this jurisdiction, as stated, we have not only the Bill of Rights, Sec. 11, Constitution, but a direct and positive statutory prohibition. As said in Dykes v. Commonwealth, 208 Ky. 734, 271 S.W. 1042:

"This statute declares an elementary rule of practice and should be upheld by prosecuting officials under their oaths of office. Courts cannot tolerate a violation of it and maintain the dignity of the commonwealth and their own self-respect. When clearly disregarded, whether willfully or through inadvertence or ignorance, a verdict of guilty based thereon should be set aside and a new trial granted, as it must be presumed that an unlawful prosecution is prejudicial to the defendant."

The present argument went beyond just an inferential or isolated statement, such as, for instance, "Nobody has denied it", which was held not to constitute error in Farley v. Commonwealth, 165 Ky. 600, 177 S.W. 431, 432. Nor was the evidence of guilt so clear and convincing that the court would be warranted in holding the misconduct of the attorney not to have prejudiced the defendant's substantial rights, as, for instance, in Sebree v. Commonwealth, 200 Ky. 534, 255 S.W. 142, and cases cited.

It was the duty of the trial judge to have checked the prosecuting attorney's unfair and unlawful comment. We regard the misconduct of the Commonwealth's Attorney as prejudicial to the substantial rights of the defendant.

The motion for an appeal is sustained and the judgment is reversed.