Herman **COLBERT**, Appellant,

v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

Nov. 1, 1957.

Robert W. Zollinger, Irving I. Friedman,. Louisville, for appellant.

Jo M. Ferguson, Atty. Gen., David Sebree, Asst. Atty. Gen., for appellee.

Marvin H. Morse and Louis Lusky,. Louisville, for Kentucky Civil Liberties. Union, amicus curiae.

CULLEN, Commissioner.

Herman Colbert appeals from a judgment of conviction of armed robbery, imposing a sentence of life imprisonment.

The only witnesses upon the trial were the victim, the arresting officer, and an employe of the state reformatory who had given a lie detector test to the defendant. The only real issue upon the trial was whether the defendant was the person who committed the robbery.

The major contentions of the appellant are that it was error to admit the testimony concerning the lie detector test, and it was error to permit the prosecuting witness to testify that he had identified the defendant in a police line-up. Other contentions will be discussed at a later point in this opinion.

The transcript of record sets forth an *order* of May 16, 1956 (about four and one-half months before the trial) "that the defendant submit to a lie detector test, and that same be reported to the Court." The transcript of the proceedings upon the trial

recites that upon the case being called the defendant made objection to the admission of evidence concerning the lie detector test, and the objections were repeated when the evidence later was offered. However, in a written opinion ruling upon a motion for a new trial, the trial judge stated that on the day the order to take the lie detector test was entered (May 16) the defendant in open court requested permission to take the test and "agreed to be bound by the result."

Only one recorded case has come to our attention in which results of a lie detector test were held admissible on the basis of a *stipulation*. In that case, People v. Houser, 85 Cal.App.2d 686, 193 P.2d 937, the defendant not only stipulated in writing that the results of the test could be admitted in evidence, but also that the operator of the lie detector was a qualified expert. We do not consider the instant case to fall in that category. Here there was no written stipulation, but only an oral agreement to take the test and be bound by the results, which agreement was not entered of record at the time it was made. We think more formality should be required to give effect to an agreement of such importance. Furthermore, there is no contention that the agreement stipulated the qualifications of the person who gave the test. Accordingly, we do not approach the case as one involving a stipulation of full admissibility.

Nor do we approach the case as one where the test was administered involuntarily. We think the record warrants the conclusion that the defendant voluntarily submitted to the test.

In the instant case, the test given was the Keeler polygraph test. The operator was a clinical psychologist in the employ of the state reformatory, who had received some training in the use of the polygraph and had given some 500 tests over a period of five years. However, he did not testify as to the degree of accuracy the polygraph can attain, the test conditions that must prevail in order to attain maximum accuracy, or to what extent the conditions of the test given to Colbert met ideal standards, nor did he state what degree of accuracy had been achieved in the previous tests given by him.

Without expressing any view as to whether, upon the laying of a sufficient foundation to warrant a conclusion of reasonable reliability and accuracy, the results of a lie detector test may be admissible in evidence, we state our opinion that the evidence offered here was not such as to meet an acceptable standard of admissibility, and the trial court erred in admitting it.

We come to the second main contention. On direct examination the prosecuting witness was permitted, over objection, to testify that on the day after the robbery was committed he went to the police station and was shown photographs of a number of persons, among which he identified the defendant, and that a week later he identified the defendant in a police line-up. The arresting officer also was permitted to testify that the prosecuting witness identified the defendant in the line-up. It is contended that this testimony was incompetent.

The question then is, may the results of a lie detector test, voluntarily taken but with no stipulation of full admissibility, be admitted over the objection of the defendant upon the trial? The answer to this question, in other jurisdictions, has with practical unanimity been "No," the reason being that the lie detector has not as yet attained scientific acceptance as a reliable and accurate means of ascertaining truth or deception. Annotation, 23 A.L.R. 2d 1306.

In Griffith v. Commonwealth, 250 Ky. 506, 63 S.W.2d 594, at page 596, the broad statement was made that, "Except perhaps in a certain class of circumstances in rape cases, extrajudicial identification of persons accused of crime is never competent as original evidence in a subsequent trial." Later, in Keene v. Commonwealth, 307 Ky. 308, 210 S.W.2d 926, recognition was ac-

corded the fact that the authorities are not in accord on the question of competency of evidence of extrajudicial identification, and the court, finding it unnecessary to rule on the question raised in the particular case, passed the question with a reference to the Griffith case.

It appears that other jurisdictions are about equally divided on the question of competency of testimony by a witness as to *his own* previous identification of the accused, with perhaps a tendency in the recent cases in favor of admissibility. See Annotation, 70 A.L.R. 910. Wigmore strongly argues in favor of admissibility. Wigmore on Evidence, Third Ed., sec. 1130. Wharton and Underhill also take the view that the evidence is admissible. Wharton on Criminal Evidence, Twelfth Ed., secs. 181, 182; Underhill's Criminal Evidence, Fifth Ed., sec. 127. These authorities, and the cases supporting their view, make no distinction between identification through photographs, as in a "rogues' gallery," and identification through a police line-up. However, they do point out that the conditions and circumstances under which the identification was made should be fair and be free of influences and suggestions calculated to induce a fancied recognition. Thus, bringing one person before the victim and asking whether the victim could identify him would probably be condemned, whereas selection by the victim of one person out of several in a line-up would not be objectionable.

■ Without attempting to repeat the reasons relied upon by those authorities who uphold the admissibility of such evidence, we will simply say that we find the reasons to be sound, and we adopt the view that evidence by a witness of his own previous identification of the defendant in a criminal case, under circumstances reasonably free of improper influences, is competent. We think the question should properly be considered one of weight, rather than of competence, and that adequate protection is afforded through the opportunity

for cross-examination. To the extent that Griffith v. Commonwealth, 250 Ky. 506, 63 S.W.2d 594, and Keene v. Commonwealth, 307 Ky. 308, 210 S.W.2d 926, express a contrary view, they are overruled.

■ We hold that the testimony of the prosecuting witness, concerning his previous identification of the defendant, was competent. However, the testimony of the arresting officer, that the prosecuting witness identified the defendant in the line-up, was plain hearsay and was not competent. See authorities hereinbefore cited.

■ The appellant voices an objection, on another ground, to the testimony concerning identification of the defendant's picture among a group of pictures shown to the victim at the police station. The objection is, that since it is common knowledge (or at least belief) that the "rogues' galleries" maintained at police stations are composed of photographs of known criminals, the admission of evidence as to the defendant's picture being in such a "rogues' gallery" was in substance the admission of evidence of another, unrelated crime committed by the defendant. Since we have held that the evidence of identification by photograph was otherwise competent, and since any suggestion from this evidence that the defendant was guilty of other crimes was incidental and remote, we think the evidence was not objectionable on the ground of reference to other possible crimes. See 20 Am.Jur., Evidence, sec. 311, p. 290; cf. Commonwealth v. Jackson, Ky., 281 S.W.2d 891. In fact, there is authority for the proposition that evidence of •other crimes is admissible where it is for the purpose of identification. See 20 Am.Jur., Evidence, sec. 312, p. 292.

■ Complaint is made of the fact that the Commonwealth's attorney, in his short closing argument, stated seven different times that the Commonwealth's evidence was "not denied" or was "uncontradicted by any witness." Statements of such a nature, not unduly repeated or emphasized

have many times been held not to constitute reversible error. Johnson v. Commonwealth, 94 S.W. 631, 29 Ky.Law R. 675; Farley v. Commonwealth, 165 Ky. 600, 177 S.W. 431; Wallace v. Commonwealth, 167 Ky. 277, 180 S.W. 381; Ridner v. Commonwealth, 242 Ky. 557, 46 S.W.2d 1102; Hanks v. Commonwealth, 248 Ky. 203, 58 S.W.2d 394; Neal v. Commonwealth, Ky., 302 S.W. 2d 573. However, repeated comments of this or a like nature, calculated when taken together and in sequence to call attention to the defendant's failure to testify, have been held prejudicial. See Adams v. Commonwealth, Ky., 264 S.W.2d 283; Doyte v. Commonwealth, Ky., 289 S.W.2d 206. Without deciding whether the argument in the present case went beyond proper bounds, we caution the Commonwealth's attorney, upon another trial, scrupulously to avoid deliberate repetition or emphasis.

A question raised concerning alleged bias of the trial judge cannot arise in the same way upon another trial, and therefore does not require discussion.

The judgment is reversed.