**Cora SLONE, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 20, 1964.

Joe P. Tackett, Prestonsburg, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., for appellee.

WILLIAMS, Judge.

The appellant Cora Slone was convicted of possession of alcoholic beverages in local option territory for the purpose of sale. Her punishment was fixed at a fine of $100.00 and confinement in the county jail for a period of 30 days. The evidence upon which she was convicted was obtained by a search of her premises under a search warrant issued by the trial commissioner of Floyd County. It is appellant's contention that the search warrant is void because it was issued by the trial commissioner rather than the county judge.

The authority for appointing trial commissioners is found in KRS 25.280, which reads in part as follows:

"The judge of the county court, in each county of this Commonwealth wherein the fiscal court may authorize, is hereby authorized to appoint a trial commissioner or commissioners who shall hold office at the pleasure of the judge, and shall discharge such judicial duties as may be assigned to him by the judge. The commissioner shall report his actions to the judge for the approval or disapproval of the judge. * * *"

In Miller v. Commonwealth, 201 Ky. 423, 257 S.W. 3 (1923), and in Divine v. Commonwealth, 236 Ky. 579, 33 S.W.2d 627 (1930), we held that process issued as the result of judicial action and involving the exercise of judicial discretion must be signed by the judge in person. He may not authorize a person, not otherwise qualified, to sign a warrant for him. The establishment and general function of the trial commissioner system was approved by this Court in Brown v. Hoblitzell, Ky., 307 S.W.2d 739 (1957).

The order appointing the trial commissioner here reads as follows:

"By virtue of the authority vested in me as County Judge of Floyd County, State of Kentucky, and pursuant to an order entered by the Floyd County Fiscal Court, G. C. Burchett is hereby appointed trial commissioner for the County of Floyd, State of Kentucky, effective this date (March 1st, 1963), and to be paid $300.00 per month beginning on said date. This March 1, 1963."

After the appointment was made the county judge orally authorized Burchett to issue search warrants, and he approved the action taken by Burchett after this search warrant was issued.

■ A county judge has many duties, one of which is the trial of civil and criminal cases. In his absence a county judge pro tem may perform any of his duties, but the same wide latitude is not given a trial commissioner. The judicial duties which a trial commissioner may discharge are limited to those necessary to the proper disposition of the cases he is assigned to try. He may rule on motions, issue subpoenas, and do the other acts necessary to the proper fulfillment of a trial, but beyond this he has no authority.

■ Judicial duties discharged by the trial commissioner must be reported to the county judge, who has the right to approve or disapprove them. In the event of approval they become as authentic as if done by the judge. But an act performed by a trial commissioner not within the scope of his authority may not be given life by approval of the judge.

■■ A search warrant at the time of its issuance has no relation to and is not a part of the trial. The issuance of such warrants is a separate judicial function within the authority of a county judge but not subject to delegation to a trial commissioner. It follows that the search war-

rant issued by trial commissioner Burchett was unauthorized, and subsequent approval by the county judge did not validate it. Evidence obtained by virtue of the search warrant should not have been admitted.

The judgment is reversed.