Lon NEELEY, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 6, 1967.

Joe P. Tackett, Prestonsburg, for appellant.

Robert Matthews, Atty. Gen., David Murrell, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Judge.

The appellant, Lon Neeley, was convicted upon a charge of possession of alcoholic beverages in dry territory, was fined fifty dollars and sentenced to thirty days in jail. Relying on Slone v. Commonwealth (Ky.1964) 377 S.W.2d 51, wherein we held that a trial commissioner's duties are limited to the conduct of a trial and do not extend to such pretrial duties as issuing search warrants and warrants of arrest, the appellant contends the search warrant and warrant of arrest in the present appeal were illegally issued because they were issued by a county judge pro tem. or in his capacity as a trial commissioner. After our ruling in Slone v. Commonwealth the General Assembly amended KRS 25.280 authorizing trial commissioners to issue search warrants and warrants of arrest when such warrants are authorized by law. We conclude, consequently, that the issuing officer here had the legal power to issue the warrant whether he acted in his capacity as county judge pro tem. or as trial commissioner.

Since KRS 25.280, as amended in 1966, merely authorizes fiscal courts to permit the judge of the county court to appoint a trial commissioner or commissioners, we think it conforms to the requirements of Section 141 of the constitution to the effect that " * * * [t]he jurisdiction of the County Court shall be uniform throughout the State * * *." It applies uniformly to all counties and merely leaves it to each individual county's fiscal court whether to use the power thus given and authorize the county judge to appoint a trial commissioner or commissioners. The appointment of a trial commissioner is not a matter of jurisdiction.

Without detailed discussion, we conclude that there was sufficient evidence to sustain the conviction.

The judgment is affirmed.

All concur.