## Keene v. Commonwealth.

April 30, 1948.

Davies & Hirschfeld and Louis E. Arnold for appellant.

A. E. Funk, Attorney General, and William J. Wise for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Reversing.

The appeal is from a conviction of rape, with imprisonment of fifteen years imposed.

The victim was brutally assaulted, placed in an automobile in the village of Cold Springs and taken some distance into the country where she was ravished.

Of that there is no doubt. The defendant, Thomas Keene, was a stranger to her, but circumstances caused the police officers to place him under suspicion and inquiry. Two days afterward he voluntarily accompanied the officers to the home of a neighbor of the prosecuting witness and she identified the accused as the perpetrator of the crime. For some unexplained reason she was later taken to the jail and again identified him. On neither occasion was he placed with a group of men to be picked out by her. She positively identified the defendant during the course of the trial. There is circumstantial evidence tending to corroborate her testimony. On the other side, the defendant denied the accusation, stood up well under a vigorous cross-examination, and presented circumstantial evidence tending to sustain his plea of innocence. It seems sufficient to say that we have carefully considered the entire record and are of opinion that the question of guilt was one for the jury.

Argument is made as to the competency of testimony as to the extra-judicial identification of the accused by the prosecuting witness on the two occasions mentioned. The authorities are not in accord as to the competency of such evidence where the identity of the accused person is in dispute. 20 Am. Jur., Evidence, Sec. 353. We have held in a homicide case that such evidence is incompetent, although an accusation made in the presence and hearing of the person accused concerning a matter within his knowledge, and his response and actions, are admissible if the conditions and the accusation would seem to require a response, particularly if it constitutes an actual or tacit incriminatory admission. Griffith v. Commonwealth, 250 Ky. 506, 63 S. W. 2d 594. However, in the course of that opinion we noted that perhaps in a certain class of circumstances in rape cases, extra-judicial identification may be competent as original evidence in a subsequent trial, citing the annotation in 41 L. R. A., N. S., 949. In the present case, most, if not all, of the admitted testimony as to the witness' statements and identification on the two occasions seem to have been within his presence and hearing. We do not pass upon any particular statement. On another trial the court will be on guard not to admit anything that could be regarded outside the rule of admissibility laid down in the Griffith case. In

addition to the authorities cited therein, reference may be made to White v. Commonwealth, 292 Ky. 416, 166 S. W. 2d 873; Lett v. Commonwealth, 284 Ky. 267, 144 S. W. 2d 505.

The court had refused to permit another young woman, Mrs. Marion Houben, to testify that she had been accosted on a street of Fort Thomas and struck by the defendant about midnight of January 23rd, six days before this crime with which he was charged was committed. Her assailant had run when she screamed and the light on a nearby porch was turned on. Her testimony was given in chambers and appears in the record as an avowal. The court had sustained the defendant's objection to it. In the course of the defendant's examination his attorney had asked, as a concluding comprehensive question, "Did you on that night or any other time either assault, beat or rape Dorothy Scott or any other person at any time or place?" He answered: "No, I didn't." This was seized upon by the Commonwealth's Attorney to ask him on cross-examination if he had not in fact beaten another person on another occasion, and he answered that he had not. Then he was asked specifically about the incident which Mrs. Houben had related without the hearing of the jury. He denied that. The court overruled the defendant's objection and admonished the jury that this evidence could be considered only for the purpose of affecting the credibility of the defendant as a witness. As a matter of fact, there was no evidence before the jury, but only the implications of the interrogation and the defendant's denials.

The defendant had related under cross-examination and over objection that while he was in the Cincinnati police station after his arrest on this charge, he had been brought out and put under bright lights in the presence of some women. Then the Commonwealth called Mrs. Houben to the witness stand in rebuttal. Over objections, she related in detail the occurrences of her assault and identified the defendant as the man who had assaulted her. There was considerable colloquy between the court and the attorneys concerning this interrogation. The court finally admonished the jury not to consider the statements of the lawyers since they were not evidence. He merely announced that the pur-

pose of the rebuttal had been met and gave no admonition concerning the testimony or its purpose.

The Commonwealth's Attorney then asked Mrs. Houben whether she had seen the defendant in jail at Cincinnati after January 23rd (the day she was assaulted). After a colloquy in which statements were made by counsel that should have been omitted, the court said that his memory was the defendant had testified he could not tell who the women were that had been brought there. Then the question was withdrawn.

We regard all the above as unfair and prejudicial to the substantial rights of the defendant. It is a fundamental principle of English and American jurisprudence that a citizen shall be tried for one offense at a time. Therefore evidence which shows or tends to show that the defendant is guilty of the commission of other crimes or offenses at other times, even though they are of the same nature, is not admissible for the purpose of showing the commission of the particular crime charged unless the other offenses are connected with it. Certain exceptions to that rule of exclusion and a wider latitude is allowed upon questions of identification where that is the sole issue. Jenkins v. Commonwealth, 167 Ky. 544, 180 S. W. 961, 3 A. L. R. 1522. But a mere similarity of the other offenses does not afford a fair or logical exception, hence proof of them is not permitted. Jones v. Commonwealth, 303 Ky. 666, 198 S. W. 2d 969.

Similar assaults on third persons cannot be shown unless some connection between the offenses is established. 22 C. J. S., Criminal Law, sec. 691, page 1169; Wharton's Criminal Evidence, Secs. 348, 350, 356. In Cargill v. Commonwealth, 13 S. W. 916, 12 Ky. Law Rep., 149, a prosecution for detaining a woman against her will, it was held error to allow the prosecuting witness to detail the defendant's sexual offenses with other women in response to questions by the attorney for the state.

In State v. Greco, 7 Boyce, Del., 140, 104 A. 637, the defendant was being tried upon the charge of assault with intent to rape. The prosecuting witness related that while she was walking along the street the defendant had come up behind her, put his hand across her

mouth with a sponge, which tasted and smelled sweet; that a struggle followed which was terminated by the approach of passersby. Without the hearing of the jury the court heard testimony of another woman that the defendant had committed upon her a similar assault four days before and eight squares from the place where the assault for which he was being tried was committed. The court held that this testimony was not competent to establish intent, for the nature of the offense charged necessarily establishes criminal intent. Nor was it admissible to prove identity, for that kind of testimony must establish a system or plan and there was nothing disclosed in the offered evidence of any connection between the two offenses beyond that of proximity as to the time of their commission (three days) and similarity of means employed.

In the case at bar, the trial court properly excluded the testimony when first offered. To avoid any misapplication of our decision that this evidence was incompetent, it may be said that in exceptional cases it may be proper to prove a course of conduct on the part of the accused person in the commission of sexual offenses. See Jones on Evidence, Sec. 628. It may be competent also where the evidence shows assaults of the same kind on the same person by the accused. 22 C. J. S., Criminal Law, sec. 691, page 1169. We have often recognized the competency of such evidence as corroborative in the trial for statutory rape.

The question in this case is whether the mere inclusion in the broad, general question asked by the defendant's counsel, in connection with a categorical inquiry as to the particular offense, whether he had ever assaulted anyone else, was sufficient to open up this dangerous field of proof. It was gone into as rebuttal evidence, but rebuttal evidence is competent only when it is evidence in denial of some affirmative case or fact which the adverse party has attempted to prove, or repels or explains it. Words and Phrases, Rebuttal Evidence. When competent at all on the question of identity, evidence of the defendant's connection with another offense is regarded as substantive proof and not as rebuttal, since his identification is an essential element to be proved. Jones v. Commonwealth, supra, 303 Ky. 666, 198 S. W. 2d 969.

When a witness takes the stand in his own behalf, he assumes a dual capacity, (1) as an accused, and (2) as a witness. The foregoing discussion as to the inadmissibility of testimony and impropriety of interrogation as to the commission of another crime is in relation to the defendant's rights as an accused person. We now consider it in relation to his capacity as a witness. In such capacity, he was subject to all the obligations and liabilities of any other witness, including that of being impeached. He was likewise entitled to all the rights and immunities of any other witness.

Our Code limits evidence of this character to proving that the witness (1) has made statements different from his present testimony, or (2) that his general reputation renders him unworthy of belief. It is expressly added, "but not by evidence of particular wrongful acts," except that the witness had been convicted of a felony. Sec. 597, Civil Code of Practice. So it is firmly settled that when a defendant becomes a witness his credibility cannot be affected by evidence that he committed other particular wrongful acts. Britton v. Commonwealth, 123 Ky. 411, 96 S. W. 556; Underhill, Criminal Evidence, Sec. 115. We may here repeat what was said recently in Grigsby v. Commonwealth, 299 Ky. 721, 187 S. W. 2d 259, 262, 159 A. L. R. 196:

"Security against abuses of judicial inquisition stands guard against compelling any citizen to incriminate himself in an offense. This has sanction in the Bill of Rights, both federal and state, Federal Const. Amend. 5; Ky. Const. sec. 11, and, before them, in the long and victorious struggle of the common law. This privilege of immunity is consistently recognized in our jurisprudence, which prohibits proof or extracting admission of anything reflecting infamy upon him not pertinent to the particular case or any offense other than that with which the defendant stands accused by the indictment upon which he is being presently tried, with certain exceptions not relevant here. (Citations). Our rules in this regard seem to be more strict than in some other jurisdictions. See Wharton, Cr. Ev., Secs. 1332, 1333. However, to affect credibility but not as substantive proof, Section 597 of the Civil Code of Practice, which is applicable also to the criminal practice, permits any witness to be impeached by evidence, either

as part of his own cross-examination or the record, that he has been convicted of a felony. But this does not permit the Commonwealth to require the accused to admit or otherwise to prove that he has been merely charged with some particular crime, Logan v. Commonwealth, 174 Ky. 80, 191 S. W. 676, or has been convicted or is guilty of misdemeanor. Day v. Commonwealth, 256 Ky. 76, 75 S. W. 2d 741.''

It is sought to justify the cross-examination of the defendant and the introduction of the testimony of Mrs. Houben upon the ground that in answering his attorney's broad question, the defendant had testified he had never assaulted or raped the prosecuting witness or any other person. The part of the question referring to the prosecuting witness was, of course, proper. But the other part was improper. It called for an answer on an irrelevant matter. A witness may not be impeached on matters that are irrelevant or collateral to the issue being tried. Incompetent evidence cannot be made the foundation for impeachment of a witness. Wharton's Criminal Evidence, Section 1343. ''A witness's answers to questions relating to his previous conduct are regarded as so far collateral that they cannot be contradicted by the party cross-examining unless they go to matter which the law permits to be shown for the purpose of impairing credibility.'' Wharton's Criminal Evidence, Sec. 1353. It may be added parenthetically that this rule, of course, does not modify the rule that the bias, prejudices and relationships of the witness are not collateral but proper subjects of inquiry, subject to certain limitations. Wharton, Sec. 1354.

It strikes the sense of justice as unfair to let what is apparently only a sweeping gesture, inadvertently made by defendant's lawyer in an unguarded moment, open up the floodgate for evidence of a collateral matter, especially of this damaging character. If proper to prove one other accusation—for that is all this is—it would be proper to prove a multiplicity of issues. There would be no limit on the inquiry or testimony as to the number or kinds of accusations which had been made against the defendant, or any other witness. The introduction of a multiplicity of charges obviously would be not only confusing but unjust.

As to the interrogation of the witness, Mrs. Houben, concerning her identification of the defendant in the Cincinnati jail, we are quite sure that the formal withdrawal of the question was no antidote for the poison with which the jury had been inoculated by it and the subsequent colloquy. As indicated above, testimony of extra-judicial identification is a delicate matter and ought always to be carefully guarded. It is the duty of a prosecuting attorney to be fair with the defendant on cross-examination and throughout the trial. All of this procedure implying that the defendant had been identified by Mrs. Houben as her assailant should have been omitted. All of it as well as the cross-examination of the defendant concerning the incident was irrelevant in the trial of this case and should not have been dragged in to prejudice the defendant or to create a probability of guilt. Cargill v. Commonwealth, supra, 13 S. W. 916, 12 Ky. Law Rep. 149; Stewart v. Commonwealth, 185 Ky. 34, 213 S. W. 185.

A heinous crime has been committed. If the appellant is guilty, the penalty imposed in this trial is none too severe. But the identification of a stranger from having seen him once is ordinarily fraught with danger. Compare Davis v. Commonwealth, 290 Ky. 745, 162 S. W. 2d 778. We are of opinion that the errors in the trial were grossly prejudicial to the defendant's rights and require a reversal of the judgment.

Judgment reversed.