## BARGER v. COMMONWEALTH.

Court of Appeals of Kentucky.
March 20, 1953.

Moss Noble, Jackson, for appellant.

J. O. Buckman, Jr., Atty. Gen. and W. Owen Keller, Asst. Atty. Gen., for appellee.

SIMS, Chief Justice.

Ray H. Barger was convicted of deserting a pregnant wife in indigent circumstances without making proper provision for her maintenance and his punishment was fixed at confinement in the penitentiary for two years. On this appeal he challenges only the sufficiency of the instructions.

The reporter who took the evidence suffered a fatal illness before same could be transcribed, and the bill of exceptions is in narrative form. As we read the evidence, the only question of fact in dispute is whether or not appellant and prosecutrix were married. It is admitted they appeared before the county court clerk of Perry County, who issued them a marriage license. Prosecutrix testified that appellant started with her at night to the home of a magistrate who was to perform the ceremony. Enroute, they met three men on the road and appellant told her one of them was the magistrate; that the man represented to her by appellant as the magistrate did perform the ceremony on the road in the presence of the magistrate's two sons.

The Commonwealth relies upon KRS 402.070, providing that a marriage performed by a person professing to have authority therefor, shall not be invalid for want of authority, if it is consummated with the belief of either party that the person performing the marriage ceremony had authority so to do. The proof shows that after this so-called ceremony appellant and the prosecutrix cohabited and held themselves out as husband and wife.

Appellant's testimony was to the effect that he and prosecutrix had been too intimate. She told him she had become pregnant and he obtained the marriage license and they connived together and filled it out so it would show their marriage. But they never appeared before a person purporting to have authority to perform the ceremony, and he and prosecutrix both knew they were not married. Their reason for filling out that part of the license showing their marriage was to deceive their friends and relatives and to conceal their illicit relations. The license was never returned to the office of the county court clerk as required by KRS 402.220, but appellant destroyed it. Prosecutrix denied appellant's testimony that the purported marriage ceremony was not performed, and denied she connived with him in filling out the license showing they had been married.

It is patent from this evidence there were sharp issues of fact as to whether any purported marriage ceremony was performed and whether prosecutrix connived with appellant in filling out the license so as to show their marriage, and as to whether she was misled into believing she and appellant were married. Hence, the court should have submitted to the jury in appropriate instructions the fact whether the bogus marriage was performed and whether prosecutrix consummated the marriage with appellant under the belief she was lawfully married to him. This the court failed to do, but in each of the three instructions preceding the one on reasonable doubt he assumed prosecutrix was the wife of appellant. The general rule is that the court must give instructions covering every phase of the case supported by the testimony. Stanley's Instructions to Juries, § 760, p. 1027; Carsons v. Commonwealth, 243 Ky. 1, 47 S.W.2d 997, 1002. As was written in Luttrell v. Commonwealth, 250 Ky. 334, 63 S.W.2d 292, 294, the instructions should present the issues.

The judgment is reversed for proceedings consistent with this opinion.