George **TURNER**, Appellant,

· v.

**COMMONWEALTH** of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 23, 1958.

Rehearing Denied Sept. 19, 1958.

Earl T. Osborne, Benton, for appellant.

Jo M. Ferguson, Atty. Gen., Earl V. Powell, Asst. Atty. Gen., for appellee.

MOREMEN, Chief Justice.

Appellant, George Turner, was convicted of willfully deserting his four infant children, an offense denounced by KRS 435.-240, and was sentenced to two years' confinement in the penitentiary.

Appellant urges as grounds for reversal that: (1) a verdict should have been directed for him at the conclusion of the commonwealth's testimony; (2) competent evidence was rejected; (3) a witness was permitted, over objection of appellant, to testify about another offense unconnected with the crime for which he was being tried; (4) the instructions were erroneous in that the jury was permitted to find appellant guilty even though he and Georgia Lee Miller were not legally married.

■ On the trial of this case appellant raised an issue as to whether he and the mother of his four children, Georgia Lee Miller, had ever been legally married, and relied upon the case of Neal v. Commonwealth, Ky., 303 S.W.2d 903, wherein it is pointed out that KRS 435.240 has no application to illegitimate children. How-

ever, in the same opinion it is stated that where the accused makes no contention that the children are not his, the presumption is that the children are legitimate. Illegitimacy, in such a case, is a defense and the burden is on the accused to establish it by proof.

■ In this case, the accused, upon examination, first said he did not know whether or not the children were his. Later, he denied that they were his children. However, the nature of his testimony was such that the jury rightfully concluded that he had failed to meet the burden of overcoming the presumption that they were his.

The mother, Georgia Lee Miller, testified that she and appellant were married in Corinth, Mississippi, on June 15, 1950. All witnesses seemed to be agreed that appellant and Georgia Lee Miller presented themselves at his family home in Trigg County on December 25, 1950, and it was generally understood that they were married. They lived together until August 4, 1956, and it was during this period the four children were born. On the latter date, appellant took Georgia Lee Miller and the four children to the home of her parents and, after leaving them, was involved in an automobile accident in which he lost one eye, the hearing in one ear, and sustained other serious injuries. After being released from the hospital about six weeks later, defendant returned to his parents' home and from that time until the date of the indictment, March 12, 1957, made no effort to support his dependents other than to send either $20 or $40 to them.

■ Appellant first contends that the court should have directed the verdict for him because the commonwealth failed to introduce proof to show that he had financial means with which to support his children or was physically or mentally capable of supporting them during the time of the abandonment. KRS 435.240 states the gravamen of the offense to be:

"The parent of any child residing in this state who leaves, deserts or abandons a child under the age of sixteen years, leaving the child in destitute or indigent circumstances and *without* making proper provision for the board, clothing, education and proper care of the child * * * shall be confined in the penitentiary for not less than one year nor more than five years."

█ The foregoing section literally admits no excuse for the abandonment of a child, but the courts have permitted the accused in such cases to show that his failure to provide for his children was prevented by illness or other sufficient circumstances. After a prima facie case is made, however,—showing that the children were abandoned—the matter of the sufficiency of the excuse is submitted to the jury. In Gee v. Commonwealth, 263 Ky. 808, 94 S.W.2d 17, 19, where it was shown that the accused had paid some of his own living expenses and had made various statements which indicated that he had some earning capacity, the court said:

"In view of this evidence, and the further fact that appellant's business was solely that of a solicitor, we think it was a question for the jury whether he was prevented by illness or other circumstances from supporting the children, and the question was properly submitted by the given instruction."

In the case at bar, it was shown that about a month before the trial accused had worked at Cape Girardeau, Missouri, handling steel for about two weeks which was some indication that if he could do this heavy work, he could find other employment also. But, in any event, the court submitted an instruction on the question of whether he had been prevented from providing for his children on account of his physical, mental or financial condition. We think the court properly overruled the motion for a directed verdict.

█ Appellant next complains that the court erred in failing to permit the introduction of an affidavit of D. B. Hopkins, deputy county court clerk for Alcorn County, Mississippi. This affidavit was not placed in the record in the form of an avowal, but it is appended to the transcript of testimony and states that the deputy county clerk checked the records for the year of 1950 and it does not appear that George Turner and Georgia Lee Miller were married in that county. It is contended that this affidavit was competent under KRS 422.050, which reads:

"All copies of records and office books kept in any public office of the United States, or of a state thereof, not appertaining to a court, shall be evidence in this state if attested by the keeper of the record or books, and the seal of his office if there be a seal."

█ The foregoing section does make copies of records and office books competent but does not admit proof of a negative character that a record does not exist unless, of course, the entire public records are properly certified and presented. The affidavit presented was of a negative character and was not a certified copy of public records and therefore was properly rejected.

█ Our next problem involves the question of whether evidence that appellant had committed another crime was so injected into the case that the jury, upon motion, should have been discharged. Magdalene Miller, mother of the prosecuting witness, in answer to a question as to how long she had been acquainted with appellant, stated: "He lived in my home and I have taken everything off of him a white woman could take. He shot me and broke into my house." Appellant objected and the commonwealth's attorney immediately admonished the witness not to "go into other offenses." Shortly thereafter she was asked how long appellant lived with her and she replied, "Until he shot me in 1952." Appellant then moved to discharge the jury which the court overruled and admonished the jury not to consider the answer.

It was stated in Keene v. Commonwealth, 307 Ky. 308, 210 S.W.2d 926, that it is a fundamental principle of our jurisprudence that a citizen shall be tried for one offense at a time and therefore evidence which shows that the defendant is guilty of the commission of other unconnected crimes is not admissible for the purpose of showing the commission of the particular crime charged.

In the case at bar we find no attempt by the commonwealth to prove another crime. In fact, the commonwealth's attorney was as quick to admonish the jury to disregard the unsolicited statement as was the court and there is some doubt whether it might properly be termed evidence of a crime. It is not always an offense to shoot a person. In view of the admonition by the court and the commonwealth's attorney, and the low quality of the statement given, we are unable to conclude that appellant's rights were prejudiced. The error, if any, was a harmless one and does not justify reversal.

Finally, appellant complains that since KRS 435.240 does not apply to illegitimate children, the court erred in instructing the jury that if they believed from the evidence that some form of ceremony was entered into between the defendant and the prosecutrix, from which she believed they were married, then the defendant could be found guilty without regard to their actual legal marital status. This argument overlooks KRS 402.070 which provides that marriages are not invalid for want of authority to solemnize them if either party believes that they have been lawfully married.

In Barger v. Commonwealth, Ky., 256 S.W.2d 364, it was held that questions arising under the foregoing statute should be submitted to a jury for determination.

In the case at bar there was conflicting evidence concerning the marriage ceremony and the evidence shows that appellant never publicly questioned the validity of the marriage nor denied the legitimacy of his children until after he was indicted. His wife always believed they were properly married. The instruction was proper.

Judgment affirmed.