Samuel MATHIS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

May 29, 1959.

John W. Coomes, New Castle, for appellant.

Jo M. Ferguson, Atty. Gen., William E. Allender, Asst. Atty. Gen., for appellee.

STEWART, Judge.

Samuel Mathis appeals from his conviction of abandoning his infant children for which he was sentenced to five years in the penitentiary. The question determinative of this appeal is whether Samuel Mathis and Ruby Mathis, the mother of the children involved and the prosecutrix herein, had ever been married. We shall refer to these two persons herein by their Christian names. Only Samuel and Ruby testified in this case.

Samuel lived with Ruby intermittently for about ten and one-half years during which time she gave birth to five children ranging in ages from three months to nine years. While in her senior year in high school at Taylorsville, Ruby ran off with Samuel to Jeffersonville, Indiana, where she said she "went through a marriage ceremony with some means of court." She testified she and Samuel never went to any courthouse to get a marriage license; nor did she see at the time, nor has she seen since, a certificate signed by any

one who purportedly performed a ceremony marrying her to Samuel. According to her, Samuel told her "when you went from one state to another you didn't have to have papers signed" in order to get married.

On cross-examination when Ruby was asked whether she and Samuel were husband and wife she replied: "I don't know whether I'm married to him, I lived with him ten years. I think I'm married." She was then interrogated: "But you are not telling this jury you are married now?" Her answer was: "I don't know for sure."

Samuel declared emphatically he and Ruby were never married. He said he had just been discharged from the Army at the time he met Ruby. The reason he gave for not marrying Ruby on the occasion they ran off to Jeffersonville, Indiana, was that, while still in the service, he had met and married one Delores McClain of Frankfort, and that he did not have a divorce from his first wife when he and Ruby started living together. Samuel's statement that his marriage to his first wife was in effect at the time he took up with Ruby was not contradicted.

In the case of Neal v. Commonwealth, Ky., 303 S.W.2d 903, it was pointed out that KRS 435.240, the provisions of law Samuel was accused of violating in the case at bar, has no application to illegitimate children. Thus, illegitimacy is a defense to child desertion, but the burden is on the accused to establish such a fact by adequate proof. See also Wade v. Commonwealth, Ky., 303 S.W.2d 905.

We believe the evidence failed to disclose any marriage ever existed between Ruby and Samuel. As has been shown, Ruby admitted during the trial she could not tell the jury she was lawfully married, although she had lived with Samuel over 10 years. She had no knowledge that when they went to Jeffersonville, Indiana, they had ever procured a marriage license; in fact, she stated she had never at any time seen any document evidencing their mar-

**828**

riage. On the other hand, Samuel positively testified he never became the lawful husband of Ruby. His explanation why he could not marry her when he began his intimate relationship with her was never refuted, namely, that he was still the husband of a previous wife.

We believe we must hold under the evidence presented that the Commonwealth failed to make out a case against Samuel under KRS 435.240. If the sole witness produced by the prosecution could not tell the jury with certainty that she was married to the accused, the trial judge should have sustained Samuel's motion for a directed verdict made at the conclusion of the Commonwealth's evidence.

This case differs from those relied upon by the Commonwealth, for in those cases the mother of the children testified unequivocally she was married to the defendant. See the recent case of Turner v. Commonwealth, Ky., 315 S.W.2d 619.

Wherefore, the judgment is reversed and the case is remanded with directions that if the evidence be the same at another trial the lower court shall direct a verdict of acquittal.