Norman ADAMS, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 13, 1967.

H. K. Spear, Somerset, for appellant.

Robert Matthews, Atty. Gen., John B. Browning, Asst. Atty. Gen., Frankfort, for appellee.

MILLIKEN, Judge.

Appellant, Norman Adams, was convicted in the Pulaski Circuit Court of storehouse breaking and sentenced to one year in jail.

Appellant and each of his two co-defendants admitted that at 1:30 a.m., November 4, 1966, they took a farm tractor and trailer and stole a load of corn from Bascom Newberry's crib. The only defense presented by appellant was that he and his co-defendants did not break into the corncrib on November 4, 1966, as charged in the indictment, because when they got there the crib was open and all they had to do was throw the corn out into the trailer attached to the back of their tractor. Appellant claimed that the door had already been pried open and all the boys had to do was load the corn.

Appellant and his partners testified that they had not been in the corncrib before and had not taken any corn out of it on any previous occasion. The defendants then produced a witness who testified that seven or eight days prior to November 4, 1966, he happened to be trapping not over fifty yards from the Newberry corncrib and had observed a man driving away from it with a truck about half full of corn. The witness stated that he went up to the crib and found the main planks pulled off the door and corn scattered about on the ground. After appellant had testified that he had never before been to this corncrib or broken into it on any occasion prior to November 4, 1966, and after the defendant's witness had established by his testimony that, in fact, there had been a previous break-in, Bascom Newberry took the stand again and testified on re-direct that when the boys came to him and admitted the theft of the corn November 4, 1966, they also admitted stealing corn from the crib approximately one week prior to November 4, 1966. This testimony of Newberry's concerning the crime prior to November 4, 1966, is what appellant objects to and bases his appeal upon.

Appellant argues that this testimony is incompetent and prejudicial because it is not evidence showing his guilt of the particular offense charged. He cites Keene v. Commonwealth, 307 Ky. 308, 210 S.W.2d 926, as authority for the principle that a man can be tried for only one offense at a time and evidence that the defendant is guilty of the commission of other crimes at other times, even though they are of the same nature, is not admissible for the purpose of showing the commission of the particular crime charged.

The Commonwealth argues that in this situation, it was appropriate and permissible for it to recall the witness Newberry to testify that, as a matter of fact, the defendants had admitted to him that they were the ones who also carried out the first breaking into and theft from his corncrib. The Common-

wealth relies for its authority on Moore v. Commonwealth, Ky., 346 S.W.2d 39 (1961), in which the defense contended that it was some other person who had shot the first man as well as the second and to contradict this the Commonwealth produced the first victim who testified that the defendant was the man who had shot him. This evidence was ruled admissible on the question of identity. We think this testimony of Newberry's was clearly admissible to refute the testimony of appellants to the effect that they had never broken into the corncrib. No other point was raised by the appellant in seeking reversal of the judgment.

The judgment is affirmed.

All concur.