**Ronnie GREEN, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

**No. 91–SC–55–MR.**

Supreme Court of Kentucky.

Aug. 29, 1991.

Rehearing Denied Oct. 24, 1991.

David W. Hupp, Segal, Isenberg, Sales, Stewart & Cutler, Louisville, for appellant.

Frederic J. Cowan, Atty. Gen., Michael L. Harned, Asst. Atty. Gen., Crim. Appellate Div., Frankfort, for appellee.

LAMBERT, Justice.

Appellant seeks reversal of his conviction for cocaine trafficking in which the ten-year sentence imposed for the underlying offense was enhanced to twenty years upon his conviction as a first degree persistent felony offender.

Two issues are presented on this appeal. First, appellant contends that a directed verdict should have been granted on grounds of insufficient evidence. Second, he claims a mistrial should have been granted due to prosecutorial comments during summation on his post-arrest silence, in violation of his rights under the Fifth and Fourteenth Amendments to the Constitution of the United States and Section 11 of the Constitution of Kentucky.

■ As to sufficiency of the evidence, under the standard set forth by this Court in *Commonwealth v. Sawhill*, Ky., 660 S.W.2d 3 (1983), and upon review of the record, it was not unreasonable for the jury to find appellant guilty of cocaine trafficking. Appellant was arrested on an outstanding warrant. In the course of the arrest, a black pouch was discovered several feet from him. It contained $75 and 35 small bags of cocaine. Although only one of the arresting officers actually saw the pouch fall from appellant's hand, such evidence was sufficient to create an issue of fact for the jury.

Appellant's second contention is more difficult. He claims he should have had a mistrial as a result of prosecutorial remarks during summation which amounted to comment upon the exercise of his constitutional right to remain silent at the time of his arrest.

Upon appellant's arrest, a "suspicious looking" pouch was found lying on the ground near him. Apparently, appellant said nothing to the police at that time about the pouch and we are not informed whether any officer then accused appellant of being in possession of the pouch. Appellant was transported to the police station where for the first time he was given the warnings required by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). In response to police questioning, after appellant had been informed of his right to remain silent, he made at least two significant statements suggesting he had been in possession of the pouch.

■ During summation, the prosecutor properly commented upon appellant's inculpatory statements, but also commented upon appellant's silence at the arrest scene. He said:

"Why else would you know that that was his pouch? Put yourself in the situation. The police officer finds a suspicious looking package behind you. What are you going to do? You're going to say it's not mine. He never said a word. He never denied that was his pouch."

The Commonwealth contends that the prosecutor's remarks were not improper. It relies upon the view that since no *Miranda* warning was given at the scene, there existed no implicit assurance that appellant's silence would not be used against him. Appellant contends, on the other hand, that it was irrelevant whether *Miranda* warnings had been given; that the right to remain silent and be free of any adverse inference therefrom exists by virtue of the Fifth and Fourteenth Amendments to the Constitution of the United States and Section 11 of the Constitution of Kentucky.

■ The giving of a *Miranda* warning does not suddenly endow a defendant with a new constitutional right. The right to remain silent exists whether or not the warning has been or is ever given. The warning is required not to activate the right secured, but to enable citizens to knowingly exercise or waive it. Recognizing that the right to remain silent does not truly exist if one may be penalized for its exercise, the Supreme Court of the United States has held, "The prosecution may not therefore use at trial the fact that [the accused] stood mute or claimed his privilege in the face of an accusation." *Miranda*, 86 S.Ct. at 1624 n. 37 (1966). Kentucky authority is fully in accord. *Jackson v. Commonwealth*, Ky.App., 717 S.W.2d 511 (1986); *Salisbury v. Commonwealth*, Ky.App., 556 S.W.2d 922 (1977); and *Bradley v. Commonwealth*, Ky., 261 S.W.2d 642 (1953). This principle is manifestly logical in view of the ambiguous circumstances often surrounding an arrest. Whether an innocent or guilty person feels the need to speak or remain silent at the time of arrest depends on a vast array of confusing factors including unique personal characteristics of the accused. The Supreme Court recognized this in *United States v. Hale*, 422 U.S. 171, 95 S.Ct. 2133, 45 L.Ed.2d 99 (1975), and concluded that it is difficult or impossible to identify the reason one may chose to remain silent at the time of his arrest and that no reliable conclusion could be drawn therefrom.

While a number of decisions have authorized the use of post-arrest silence for the purpose of impeaching a defendant's trial testimony, *Doyle v. Ohio*, 426 U.S. 610, 96 S.Ct. 2240, 49 L.Ed.2d 91 (1976); *Jenkins v. Anderson*, 447 U.S. 231, 100 S.Ct. 2124, 65 L.Ed.2d 86 (1980); *Fletcher v. Weir*, 455 U.S. 603, 102 S.Ct. 1309, 71 L.Ed.2d 490 (1982), no decision has been brought to our attention which flatly allows comment upon post-arrest silence as evidence of guilt. Accordingly, the comments of the prosecutor amounted to error.

■ Despite our view as to the impropriety of the comments made, this case must be affirmed on grounds of harmless error. It is a fact that one police witness testified positively that the pouch containing the cocaine fell from appellant's hands. It is also a fact that appellant made two post-*Miranda* statements which clearly suggested he was guilty. Measured against such evidence, we conclude that there is no substantial possibility that the result would have been any different. *Abernathy v. Commonwealth*, Ky., 439 S.W.2d 949 (1969), and *Niemeyer v. Commonwealth*, Ky., 533 S.W.2d 218 (1976). We further conclude that the error was harmless beyond a reasonable doubt. *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The judgment is affirmed.

LAMBERT, LEIBSON, REYNOLDS, SPAIN and WINTERSHEIMER, JJ., concur.

STEPHENS, C.J., and COMBS, J., dissent and would reverse on the grounds that appellant's right to remain silent was violated resulting in prejudicial error.